Maresa Jenson (AK Bar No. 1805048)
Brian Litmans (AK Bar No. 0111068)
Valerie Brown (AK Bar No. 9712099)
TRUSTEES FOR ALASKA
1026 W. Fourth Avenue, Suite 201
Anchorage, AK 99501
Phone: (907) 276-4244
Fax: (907) 276-7110
mjenson@trustees.org
blitmans@trustees.org
vbrown@trustees.org

David A. Bahr (OR Bar No. 90199)
(application for admission *pro hac vice* pending)
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR 97402
Phone: (541) 556-6439
davebahr@mindspring.com

*Attorneys for Plaintiffs*

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GWICH'IN STEERING COMMITTEE, ALASKA WILDERNESS LEAGUE, DEFENDERS OF WILDLIFE, and THE WILDERNESS SOCIETY, <br><br> Plaintiffs, <br> v. <br><br> U.S. DEPARTMENT OF THE INTERIOR, U.S. BUREAU OF LAND MANAGEMENT, and U.S. FISH AND WILDLIFE SERVICE, <br><br> Defendants. | Case No. 3:19-cv-208-HRH |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
(Freedom of Information Act, 5 U.S.C. § 552 *et seq.*; Administrative Procedure
Act, 5 U.S.C. § 701 *et seq.*)

Plaintiffs Gwich'in Steering Committee, Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society (collectively, Plaintiffs) file this Complaint for Declaratory and Injunctive Relief, alleging:

## I. NATURE OF THE CASE

1. This action challenges the U.S. Department of the Interior, the U.S. Bureau of Land Management, and the U.S. Fish and Wildlife Service's (collectively, Defendants or agencies) unlawful withholding of public information. Plaintiffs seek declaratory and injunctive relief against the Defendants for violations of the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, or alternatively, the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*

2. For decades, Plaintiffs have sought to protect the Coastal Plain of the Arctic National Wildlife Refuge (Arctic Refuge). Considered the crown jewel of the National Wildlife Refuge System, the Arctic Refuge is an area of significant public interest. Specifically, the Coastal Plain of the Arctic Refuge is known for its wild and varied landscapes. It provides essential calving and post-calving habitat for the Porcupine Caribou Herd.

3. In December 2017, Congress passed "An Act to Provide for Reconciliation Pursuant to Titles II and V of the Concurrent Resolution on the Budget for Fiscal Year 2018," Public Law 115-97, H.R. 1, title II (Tax Act). Section 20001 of the Tax Act allows for an oil and gas program on the Coastal Plain. In response to agency actions

Compl. for Declaratory and Injunctive Relief      Page 2 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 2 of 53

related to the oil and gas program, Plaintiffs have maintained active engagement and public outreach efforts to protect the Coastal Plain.

4.     From December 21, 2018–March 8, 2019, Plaintiffs' outreach efforts included submitting nine FOIA requests for records from key federal agencies relating to the implementation of an oil and gas leasing program on the Coastal Plain. Plaintiffs sought the requested records to support a coalition of non-profit groups' efforts to increase public understanding and engagement for management of the oil and gas leasing program.

5.     To date, Defendants have neither made any final disclosure decisions nor released any documents in response to Plaintiffs' FOIA requests.

6.     Plaintiffs sent 30 follow-up letters offering to work with the agency to facilitate production of responsive records in a timely manner.

7.     Under FOIA, an agency has 20 working days to respond to a request and inform the requester whether records will be released. 5 U.S.C. § 552(a)(6)(A)(i). An agency may assert a 10 working day extension for requests that involve unusual circumstances. 5 U.S.C. § 552(a)(6)(B)(i). The FOIA officer will send out a search for a request, gather records, and, once all responsive records are received, the responding agency will place them in a queue for processing. Following review, records will then be released to the requestor(s).

8.     All agencies have exceeded FOIA's statutory final decision deadlines.

Compl. for Declaratory and Injunctive Relief                                    Page 3 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 3 of 53

9. The requests range from 71–121 working days past the determination due dates.

10. Defendants have unlawfully withheld records from the public concerning the agency processes related to oil and gas extraction on the Coastal Plain.

11. Defendants failed to make any determination within FOIA's statutory time limits and have not released records in response to Plaintiffs' requests. 5 U.S.C. § 552(a)(6)(A)(i), (a)(6)(B)(i).

12. Defendants have violated FOIA because they failed to notify Plaintiffs of estimated dates when they expect to complete processing these requests. *See* 5 U.S.C. § 552(a)(7)(B)(ii).

13. In the alternative, Defendants have violated the APA by unlawfully and unreasonably delaying the disclosure of FOIA records 5 U.S.C. § 706(1) and the Defendants' actions may be set aside by district courts if they are arbitrary, capricious, an abuse of discretion or not in accordance with law, or made without observation of required procedures. 5 U.S.C. § 706(2).

14. Plaintiffs respectfully request this Court declare that Defendants are in violation of FOIA and/or the APA, compel Defendants to immediately produce by a date certain all records responsive to Plaintiffs' nine FOIA requests, award Plaintiffs costs and reasonable attorneys' fees in this action, and grant such other relief as this Court may deem just and proper.

Compl. for Declaratory and Injunctive Relief                                    Page 4 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 4 of 53

## II. JURISDICTION AND VENUE

15. This Court has jurisdiction over the parties and subject matter of this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B); declaratory judgment, 28 U.S.C. §§ 2201–02; and federal question jurisdiction, 28 U.S.C. § 1331. The challenged agency actions/inactions are subject to review under the APA. 5 U.S.C. §§ 702, 704, 706.

16. Venue is proper in the District of Alaska under 5 U.S.C. § 552(a)(4)(B) because some agency records are situated in this judicial district. Venue is also proper under 5 U.S.C. § 552(a)(4)(B) because The Wilderness Society, Alaska Wilderness League, and Defenders of Wildlife have offices in Anchorage, Alaska and the Gwich'in Steering Committee's offices are in Fairbanks, Alaska, all of which are located in the District of Alaska. Venue is also proper in the District of Alaska under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred within the U.S. Bureau of Land Management Alaska State Office and the U.S. Fish and Wildlife Service Alaska Regional Office and the records requested in this case pertain to the Coastal Plain of the Arctic National Wildlife Refuge, which is located in Alaska.

17. Declaratory relief is appropriate under 28 U.S.C. § 2201. Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

## III. PARTIES

### Plaintiffs

18. The Gwich'in Steering Committee, Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society are members of a coalition of non-profit groups

Compl. for Declaratory and Injunctive Relief      Page 5 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 5 of 53

whose efforts to permanently protect the Coastal Plain span decades. The records sought though the FOIA requests at issue in this case are to support coalition goals. If released, the requested records would be shared with coalition members.

19.    The Gwich'in Steering Committee is a 501(c)(3) non-profit organization based in Fairbanks, Alaska. The Gwich'in Steering Committee represents the 8,000 members of the Gwich'in Nation. The Gwich'in Steering Committee was formed in 1988 in response to proposals to drill for oil in the Coastal Plain. The mission of the Gwich'in Steering Committee is to ensure the long-term health and viability of the Porcupine Caribou Herd, which sustains the Gwich'in way of life. Protecting the Coastal Plain and the Porcupine Caribou Herd is a human rights issue for the Gwich'in People. The Gwich'in Steering Committee is dedicated to protecting the entire ecosystem that the caribou rely on so that the Gwich'in People will have a future in their homeland. The Gwich'in Steering Committee's goal is to permanently protect the Coastal Plain of the Refuge. Gwich'in leaders have been involved in advocating for permanent protection of the Coastal Plain of the Refuge for decades, since before the passage of the Alaska National Interest Lands Conservation Act. The Gwich'in Steering Committee engages in numerous activities to advocate for permanent protection of the Refuge, including public outreach and education, media work, public speaking, and attending conferences. The Gwich'in Steering Committee has submitted comments on numerous Refuge decisions and has presented testimony to Congress, the United Nations Special Rapporteur on

Compl. for Declaratory and Injunctive Relief                                    Page 6 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Indigenous Peoples, and at public hearings. The Gwich'in Steering Committee submitted extensive comments on the draft environmental impact statement for oil and gas leasing in the Arctic Refuge concerning indigenous peoples and subsistence use and resources.

20.   The Gwich'in Steering Committee requested the records at issue to increase public knowledge on the Porcupine Caribou Herd and consultation practices with the Porcupine Caribou Herd Board. The Gwich'in Steering Committee continues to seek these records in order to assist with outreach efforts and increase public information and engagement on Porcupine Caribou Herd and Coastal Plain management issues. Withholding of records by Defendants continues to impair the Gwich'in Steering Committee's ability to inform the public and can only be remedied by the release of records.

21.   Alaska Wilderness League is a non-profit organization founded in 1993 with approximately 100,000 members, including many members in Alaska. Alaska Wilderness League's mission is to lead the effort to preserve Alaska's wild lands and waters by engaging citizens and decision makers with a courageous, constant, victorious voice for Alaska. Alaska Wilderness League advocates for the protection of Alaska's wild lands and waters, and also works to prevent environmental degradation on Alaska's public lands and waters, including the Arctic Refuge. Alaska Wilderness League actively works on issues related to oil and gas development and the protection of the Arctic Refuge.

Compl. for Declaratory and Injunctive Relief                                        Page 7 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 7 of 53

Alaska Wilderness League is committed to honoring the human rights and traditional values of the people of the Arctic.

22. Alaska Wilderness League submitted the FOIA requests at issue to support its advocacy work to protect the Coastal Plain from oil and gas development. The requested information will assist Alaska Wilderness League to encourage public action and engage and inform the public's participation on agency actions. Alaska Wilderness League continues to seek these records in order to engage the public—Alaskans and individuals from rest of the United States—on issues related to oil and gas activities on the Coastal Plain. Alaska Wilderness League is unable to share the information contained in the records to due to agency withholding. Defendants' withholding of records will continue to impair Alaska Wilderness League's ability to inform public participation until the records are released.

23. Plaintiff Defenders of Wildlife is a non-profit membership organization that advocates for endangered species and wildlife conservation. Defenders of Wildlife is headquartered in Washington, D.C. and maintains six regional field offices throughout the country, including in Alaska. The organization has more than 1.8 million members and supporters nationwide and around the world, including approximately 6,300 in Alaska. Defenders of Wildlife is dedicated to the protection of all native wild animals and plants in their natural communities and the preservation of the habitats upon which they depend. For decades, Defenders of Wildlife has worked to safeguard the Arctic Refuge

Compl. for Declaratory and Injunctive Relief                                Page 8 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 8 of 53

from destructive oil and gas development. Protecting this vital unit of the National Wildlife Refuge System is key to implementing the organization's vision to ensure that diverse wildlife populations are secure and thriving, sustained by a healthy and intact network of lands and waters.

24. Defenders of Wildlife frequently seeks records under FOIA, in large part to educate the public on sound land management practices and to encourage support for habitat protections and conservation. Defenders of Wildlife requested the records at issue to engage the public on agency actions affecting the Coastal Plain's unparalleled wildlife habitat. Defenders of Wildlife continues to seek these records in order to educate and inform the public about the importance of habitat protections on the Coastal Plain in light of agency actions to develop an oil and gas program in this area. Defendants' withholding of records related to the management of the Coastal Plain has hindered Defenders of Wildlife's ability to inform the public about habitat issues in the area. Defenders of Wildlife will continue to be harmed by Defendants' withholding until records are released.

25. The Wilderness Society is a non-profit organization headquartered in Washington, D.C., with offices throughout the country, including a six-person staff in Alaska. Its overall mission is to protect wilderness and inspire Americans to care for wild places. The Wilderness Society has more than one million members and supporters, including nearly 300 living in Alaska. The goal of its Alaska program is to permanently

Compl. for Declaratory and Injunctive Relief                                    Page 9 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

protect special places in America's Arctic and sub-Arctic, including in the Arctic Refuge. The Wilderness Society has been engaged in Arctic Refuge conservation efforts for decades, and has consistently participated in public processes associated with Arctic Refuge decisions. Among other areas of focus, staff from The Wilderness Society work to advance scientific understanding and conservation policy for highly migratory caribou and fish resources that utilize the Coastal Plain to complete their life cycles.

26. The Wilderness Society frequently seeks records under FOIA in order to support its goals to inspire Americans to protect wild places. The Wilderness Society specifically sought the records at issue here to engage and inform the public on the agency actions to develop an oil and gas program on the Coastal Plain post Tax Act. The Wilderness Society continues to seek these records at issue to inform the public on these agency decisions. Defendants' withholding of requested records has prevented The Wilderness Society from engaging the public and can only be remedied by release of records.

<u>Defendants</u>

27. U.S. Department of the Interior (DOI) is a department of the executive branch of the United States government and is in possession, custody, or control of the records sought by Plaintiffs, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). It is ultimately responsible for the administration and implementation of DOI's FOIA obligations, for administering the Arctic Refuge through the U.S. Fish and Wildlife

Service, and for managing the congressionally legislated oil and gas program on the Coastal Plain through the U.S. Bureau of Land Management.

28. U.S. Bureau of Land Management (BLM) is an agency of the executive branch of the United States government and is in possession, custody, or control of the records sought by Plaintiffs, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). It is a federal agency within DOI that is responsible for the administration and implementation of BLM's FOIA obligations and for the management and implementation of certain activities related to the oil and gas program on the Coastal Plain of the Arctic Refuge.

29. U.S. Fish and Wildlife Service (FWS) is an agency of the executive branch of the United States government and is in possession, custody, or control of the records sought by Plaintiffs, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). It is a federal agency within DOI that is responsible for the administration and implementation of FWS's FOIA obligations, and for the administration of the National Wildlife Refuge System (including the Arctic Refuge) and the Endangered Species Act on behalf of DOI.

## IV.  STATUTORY BACKGROUND

30. FOIA's basic purpose is government transparency though the release of records. One way FOIA seeks to achieve this is by imposing strict deadlines on federal agencies to respond to the public's requests for information. Within 20 working days of receiving a FOIA request, an agency must determine if it will release the requested records and notify the requester of its determination. 5 U.S.C. § 552(a)(6)(A)(i).

Compl. for Declaratory and Injunctive Relief                                    Page 11 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 11 of 53

31.    If the agency determines the requested records are exempt from public disclosure, the requester must be given notice of their appeal rights. *Id*. If the agency determines the records are not exempt from public disclosure, they must be made "promptly available." 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i).

32.    Only in "unusual circumstances" may an agency extend the time to make a final determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected." *Id.* at § 552(a)(6)(B)(i). If the agency provides written notice that the request cannot be processed within the statutory time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* at § 552(a)(6)(B)(ii). The agency additionally is required to make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id*.

33.    In limited instances, records may be withheld pursuant to nine specific exemptions. *Id.* at § 552(b). These exemptions must be invoked by the agency and narrowly construed in light of FOIA's principal objective of disclosure. *Id.* at § 552(a)(4)(B).

Compl. for Declaratory and Injunctive Relief                                          Page 12 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

34.   FOIA provides this Court "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." *Id.*

35.   An agency must show exceptional circumstances exist within the meaning of FOIA in order for a Court to allow additional time to review and disclose requested records. *Id.* at § 552(a)(6)(C).

36.   If an agency fails to make a final determination on a FOIA request within the statutory timeframe, the agency may not collect duplication or search fees from a requester. *Id.* at § 552(a)(4)(A)(viii).

37.   A requester's claims are not insubstantial if there is "voluntary or unilateral change in position by the agency." *Id.* at § 552(a)(4)(E)(ii)(II).

38.   Agency response to a FOIA request can also be subject to judicial review under the APA. *Oregon Nat. Desert Ass'n v. Gutierrez*, 409 F.Supp.2d 1237, 1248 (D. Or. 2006) (finding that a violation of a FOIA decision deadline constitutes an APA violation for an agency action), *affirmed in part, reversed on other grounds*, *Oregon Nat. Desert Ass'n v. Locke*, 572 F.3d 610 (9th Cir. 2009).

39.   Under APA judicial review provisions, district courts are authorized to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). District courts must also set aside any agency action found to be arbitrary, capricious, an

Compl. for Declaratory and Injunctive Relief                                    Page 13 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 13 of 53

abuse of discretion, not in accordance with law, or made without observation of required procedures. 5 U.S.C. § 706(2).

## V. STATEMENT OF FACTS

### History of the Coastal Plain of the Arctic Refuge

40.     Encompassing over 19 million acres in the northeast corner of Alaska, the Arctic Refuge is the largest National Wildlife Refuge in the National Wildlife Refuge System.

41.     The Arctic Refuge spans four ecosystems: boreal forest, forest-tundra transition, coastal plain tundra, and coastal marine environments. The Arctic Refuge contains outstanding wildlife habitat, rugged mountains, glaciers, braided rivers, natural springs, alpine lakes, barrier islands, and salt marshes.

42.     Stretching from the Brooks Range to the Beaufort Sea, the 1.57 million acre Coastal Plain is recognized as the biological heart of the Arctic Refuge due to its exceptional habitat for caribou, polar and grizzly bears, migratory birds, arctic fishes, musk oxen, arctic fox, and wolves.

43.     The Coastal Plain is important calving and post-calving habitat for the Porcupine Caribou Herd. The Coastal Plain supports the cows and newborn calves with abundant, high-protein food and insect relief, as well as less predation pressure. All are imperative for caribou and calf survival.

Compl. for Declaratory and Injunctive Relief                    Page 14 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 14 of 53

44.   The Porcupine Caribou Herd is over 200,000 animals, which complete a roughly 700-mile annual migration to reach the Coastal Plain through northern Alaska and the Yukon and Northwest Territories in Canada.

45.   The Gwich'in People are caribou people. Since time immemorial, the Porcupine Caribou Herd has been the foundation of Gwich'in culture and spirituality and the Gwich'in rely upon the caribou for sustenance. The Gwich'in refer to the Coastal Plain as "Iizhik Gwats'an Gwandaii Goodlit"—which translates to the "Sacred Place Where Life Begins." Gwich'in villages generally align with the Porcupine Caribou Herd's migratory path, spanning northern Alaska and Canada.

46.   In 1960, the Arctic Refuge was set aside as the Arctic National Wildlife Range and granted federal protections "[f]or the purpose of preserving unique wildlife, wilderness and recreational values." Public Land Order 2214, Establishing the Arctic National Wildlife Range, at 1 (Dec. 8, 1960).

47.   In 1980, Congress passed the Alaska National Interest Lands Conservation Act, which re-designated the Arctic National Wildlife Range as the Arctic Refuge and expanded protections to the south and west. 94 Stat. 2371, 2392 (Dec. 2, 1980).

48.   Reflecting the United States and Canada's shared interest in management and protection of the herd, the Agreement Between the Government of Canada and the Government of the United States of America on the Conservation of the Porcupine Caribou Herd (Porcupine Caribou Herd Treaty) was signed in 1987. E100687 - CTS 1987

Compl. for Declaratory and Injunctive Relief                              Page 15 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 15 of 53

No. 31 (July 17, 1987) *available at* http://www.treaty-accord.gc.ca/text-texte.aspx?id=100687. The Porcupine Caribou Herd Treaty established the International Porcupine Caribou Board, which is comprised of American and Canadian Gwich'in members. *Id*. The International Porcupine Caribou Board informs the implementation of the Porcupine Caribou Treaty, requiring consultation before undertaking any action that may cause harm to the herd. *Id*.

49. One FOIA request pertains to the Defendants' consultation with the International Porcupine Caribou Board.

Background on Coastal Plain Oil and Gas Leasing Program

50. The Tax Act was signed into law on December 22, 2017. This act directs the Secretary to "establish and administer a competitive oil and gas program for the leasing, development, production, and transportation of oil and gas in and from the Coastal Plain." Pub. L. 115-97, § 20001(b)(2)(B).

51. Plaintiffs' FOIA requests generally pertain to DOI, BLM, and FWS's actions to establish a Coastal Plain oil and gas program.

52. Three of Plaintiffs' FOIA requests pertain to an application by SAExploration, Inc. (SAE) to conduct three-dimensional seismic exploration to identify oil and gas reserves on the Coastal Plain.

Compl. for Declaratory and Injunctive Relief        Page 16 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 16 of 53

53.     In spring 2018, SAE applied to BLM for authorization. Throughout the summer and fall of 2018, BLM posted documents to its National Environmental Policy Act (NEPA) Register website including SAE's Plan of Operations.

54.     The Plan of Operations stated the project's goal was to identify the highest potential areas for future lease sales on the Coastal Plain.

55.     SAE's proposal would involve conducting three-dimensional seismic exploration over two winter seasons by dragging two mobile camps of 150–160 workers each, with 90,000-pound vibrator trucks across the Coastal Plain. The mobile camps and trucks would follow survey lines only 660 feet apart.

56.     Three-dimensional seismic activities are dependent on a certain level of snowpack to physically operate machinery and have the potential to disturb polar bears while denning. The Coastal Plain has the highest density of onshore polar bear denning habitat in the United States. Polar bears are listed as threatened under the Endangered Species Act and over 75% of the Coastal Plain is designated as their critical habitat. As sea ice diminishes from the effects of climate change, more females are forced to den on land.

57.     Plaintiffs commented on the SAE seismic exploration proposal during the comment period for scoping.

58.     To date, BLM has not released a NEPA document analyzing the impacts of three-dimensional seismic exploration.

Compl. for Declaratory and Injunctive Relief                                    Page 17 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 17 of 53

59.    Five of Plaintiffs' FOIA requests pertain to agency actions to prepare a draft Environmental Impact Statement (EIS) to develop oil and gas leasing on the Coastal Plain.

60.    In April 2018, BLM published a notice of intent to prepare an EIS for leasing on the Coastal Plain initiating the NEPA process. Plaintiffs submitted comments during the public comment period for scoping.

61.    BLM released the draft EIS for the leasing program on December 20, 2019, with the official notice of availability published in the Federal Register on December 28, 2018.

62.    Two FOIA requests pertain to agency communications during the draft EIS comment period.

63.    During the initial 45-day draft EIS comment period, the government shut down for 35 days, from December 22, 2018–January 25, 2019. BLM did not hold public meetings scheduled during the shutdown. Plaintiffs requested a 75-day extension, in part because of the Federal government shutdown. BLM eventually extended the comment period by 30 days and updated the public meeting schedule.

64.    Two FOIAs pertain to agency compliance with two guidance documents, DOI Secretarial Order No. 3355 (S.O. 3355) and Permanent Instruction Memorandum (PIM) No. 2018-016, to complete the draft EIS within a specific timeframe and page range.

65. Proceeding the draft EIS release, then Deputy Secretary, now Secretary of the Interior David Bernhardt issued Secretarial Order 3355 requiring EISs be completed within one year and comply with a 300-page limit for "unusually complex projects." S.O. 3355(4)(a)(1)–(2) (Aug. 31, 2017). Agencies, including BLM, are required to request exemptions if they deviate from the Order's mandates.

66. Subsequently, on June 27, 2018, BLM issued its own guidance for Secretarial Order 3355: PIM No. 2018-016.

67. The draft EIS substantially complied with the 300-page maximum as required by Secretarial Order 3355 and PIM No. 2018-016, at 249 pages of analysis, without appendixes, maps, and other associated records.

68. One FOIA request pertains to the deliverable work product of the contractors and subcontractors BLM used to complete the draft EIS.

69. Plaintiffs submitted extensive comments on the draft EIS.

70. A final version of the EIS is not yet published.

71. The public has a significant interest in oil and gas development on the Coastal Plain. Polling in 2017 found that 70% of American voters are opposed to drilling in the Arctic Refuge. Anthony Leiserowitz et al., *Americans Oppose Drilling in Arctic National Wildlife Refuge*, Yale Program on Climate Change Communication (Dec. 4, 2017). Calling for protection of the Arctic Refuge, BLM received over 750,000 public

Compl. for Declaratory and Injunctive Relief                                          Page 19 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 19 of 53

comments during scoping and over one million public comments on the draft EIS. Legislative efforts are moving forward to protect the Coastal Plain.

72. On May 1, 2019, the House Natural Resources Committee passed out of Committee The Arctic Cultural and Coastal Plain Protection Act, which is a bill "[t]o amend [the Tax Act] to repeal the Arctic National Wildlife Refuge oil and gas program, and for other purposes." H.R. 1146. On June 27, 2019 the Arctic Cultural and Coastal Plain Protection Act was placed on the Union Calendar No. 97. Report No. 116–133. Based on information and belief, the bill will go to vote the week of September 9, 2019.

Plaintiffs' FOIA Requests

A.  December 21, 2018, DOI Request—OS-2019-00314

73. On December 21, 2018, Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society submitted a FOIA request via email on behalf of the coalition to DOI, Office of the Secretary (DOI S.O. 3355 Request or OS-2019-00314).

74. The DOI S.O. 3355 Request seeks documents related to the Arctic Refuge:

All records, including waiver and extension requests and related communications pertaining to, or seeking guidance on, compliance with page and/or time limits of Secretarial Order 3355.

All records, created to coordinate, develop, and comply with the waiver process for the Coastal Plain Oil and Gas Leasing Draft Environmental Impact Statement DOI-BLM-AK-0000-2018-0002-EIS as provided for in Deputy Secretary David Bernhardt's April 27, 2018 Memorandum, re: NEPA Document Clearing Process.

All records created to comply with Permanent Instruction Memorandum (PIM) No. 2018-016 related to the Coastal Plain Oil and Gas Leasing Draft

Compl. for Declaratory and Injunctive Relief                      Page 20 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 20 of 53

Environmental Impact Statement DOI-BLM-AK-0000-2018-0002-EIS, including but not limited to those documents specifically identified in the PIM, up to and including the documents prepared for the draft EIS and Notice of Availability.

Request transmitted from Maresa Jenson, Legal Fellow, Trustees for Alaska, to Clarice Julka, Office of the Secretary, DOI, Heidi Wanner, BLM–Alaska State Office, and Ryan Witt, BLM FOIA Officer (December 21, 2018).

75.     On January 23, 2019, DOI emailed the requesters an acknowledgment letter stating that the agency received the DOI S.O. 3355 Request and assigned it the tracking number OS-2019-00314. The acknowledgment letter notified the requesters that DOI would take a 10-workday extension under 43 C.F.R. § 2.19 and had placed the request in the "complex" processing track to consult with one or more bureaus within DOI.

76.     DOI's FOIA Program website, which tracks FOIA requests, provides a determination date of January 23, 2019 for this request, and an estimated processing date of March 21, 2019. *See* https://foia.doi.gov/requeststatus/Foia.do. These dates appear to be automatically generated.

77.     The requesters have consistently inquired about the status of OS-2019-00314, emailing follow-up letters on February 19, March 29, April 29, and June 17, 2019, which notified DOI that it was not complying with FOIA's statutory deadlines.

78.     Through these letters, the requesters offered to work with the agency to facilitate the production of responsive documents in a timely manner.

79.     DOI has not responded to any of the four follow-up letters.

---

Compl. for Declaratory and Injunctive Relief                                   Page 21 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

80. On July 17, 2019, the requesters sent a final demand letter. The final demand letter stated that legal recourse was necessary if DOI did not respond by July 30, 2019. That letter further requested an estimated completion date for FOIA request OS-2019-00314.

81. DOI has not responded to the requesters' final demand letter.

82. To date, DOI has not provided any records responsive to the DOI S.O. 3355 Request.

83. This complaint was filed 121 workdays after the February 7, 2019 determination deadline.

B. December 21, 2018, BLM Request—BLM-2019-00324

84. On December 21, 2018, Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society submitted a FOIA request via email on behalf of the coalition to BLM–Alaska. (BLM S.O. 3355 Request or BLM-2019-00324).

85. The BLM S.O. 3355 Request seeks documents related to the Arctic Refuge:

All records, including waiver and extension requests and related communications pertaining to, or seeking guidance on, compliance with page and/or time limits of Secretarial Order 3355.

All records, created to coordinate, develop, and comply with the waiver process for the Coastal Plain Oil and Gas Leasing Draft Environmental Impact Statement DOI-BLM-AK-0000-2018-0002-EIS as provided for in Deputy Secretary David Bernhardt's April 27, 2018 Memorandum, re: NEPA Document Clearing Process.

All records created to comply with Permanent Instruction Memorandum (PIM) No. 2018-016 related to the Coastal Plain Oil and Gas Leasing Draft

Compl. for Declaratory and Injunctive Relief                                    Page 22 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 22 of 53

Environmental Impact Statement DOI-BLM-AK-0000-2018-0002-EIS, including but not limited to those documents specifically identified in the PIM, up to and including the documents prepared for the draft EIS and Notice of Availability.

Request transmitted from Maresa Jenson, Legal Fellow, Trustees for Alaska, to Clarice Julka, Office of the Secretary, DOI, Heidi Wanner, BLM–Alaska State Office, and Ryan Witt, BLM FOIA Officer (December 21, 2018).

86.   On February 7, 2019, BLM–Alaska FOIA Officer Heidi Wanner emailed an acknowledgment letter stating that the agency received the BLM S.O. 3355 Request and assigned the tracking number BLM-2019-00324. The acknowledgment letter notified the requesters that DOI would take a 10-workday extension under 43 C.F.R. § 2.19 and had placed the request in the "exceptional/voluminous" processing track to "search for, collect, and examine a voluminous amount of separate and distinct records that are demanded in a single request."

87.   On April 5, 2019, via email, FOIA Officer Heidi Wanner informed the requesters that a group of records were received from a subject matter expert and were pending review.

88.   On April 30, 2019, Heidi Wanner called Plaintiffs' Counsel to discuss the partial receipt of records. Heidi Wanner said she would work on this request as time permits, but gave no further indication on timing or where BLM-2019-00324 was placed in the queue.

Compl. for Declaratory and Injunctive Relief                                    Page 23 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 23 of 53

89. The requesters have consistently inquired about the status of OS-2019-00314, emailing follow-up letters on February 19, March 29, April 29, and June 17, 2019, which notified BLM it was not complying with FOIA's statutory deadlines.

90. Through these letters, the requesters offered to work with the agency to facilitate the production of responsive documents in a timely manner.

91. On June 18, 2019, Plaintiffs' Counsel followed-up via phone, leaving a message asking for a status update from FOIA Officer Heidi Wanner. On June 21, 2019, Heidi Wanner returned the call and indicated the ability to process this request may occur in the near future, but did not provide any specific dates by which the agency would respond.

92. On July 17, 2019, FOIA Officer Daniel Oakland indicated via email that the records had been sent to the DOI Office of the Solicitor for review and would be released to the requesters the following week.

93. On July 17, 2019, the requesters sent a final demand letter. The final demand letter stated that legal recourse was necessary if BLM did not respond by July 30, 2019. That letter further requested an estimated completion date for FOIA request BLM-2019-00324.

94. BLM has not responded to the requesters' final demand letter.

95. On July 24, 2019, FOIA Officer Heidi Wanner emailed Plaintiffs' Counsel with a status update that the responsive records were sent to the solicitor for legal review.

Compl. for Declaratory and Injunctive Relief                                  Page 24 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 24 of 53

96.    BLM has yet to provide a final determination to the requesters.

97.    To date, BLM has not provided any records responsive to the BLM S.O.

3355 Request.

98.    This complaint was filed 121 workdays after the February 7, 2019

determination deadline.

C.    January 23, 2019, DOI Request—OS-2019-00378

99.    On January 23, 2019, the Gwich'in Steering Committee, Alaska Wilderness

League, Defenders of Wildlife, and The Wilderness Society submitted a FOIA request

via email on behalf of the coalition to DOI, Office of the Secretary (DOI Porcupine

Caribou Herd Request or OS-2019-00378).

100.    The DOI Porcupine Caribou Herd Request seeks:

> All communications and records pertaining to or concerning the Agreement
> Between the Government of Canada and the Government of the United States
> of America on the Conservation of the Porcupine Caribou Herd (Treaty), and
> U.S.-Canada International Porcupine Caribou Board (IPCB), including
> documents in possession related to the Treaty and Board from contractors
> such as Alaska Biological Research, and other government agencies, such as
> the Alaska Department of Fish and Game since January 1, 2017.

Request transmitted from Maresa Jenson, Legal Fellow, Trustees for Alaska, to Clarice

Julka, Office of the Secretary, DOI (January 23, 2019).

101.    On January 25, 2019, DOI emailed an acknowledgment letter stating that the

agency received the Porcupine Caribou Herd Request and assigned it the tracking number

OS-2019-00378. The acknowledgment letter notified Plaintiffs that DOI would take a 10-

workday extension under 43 C.F.R. § 2.19 and had placed the request in the "complex" processing track to consult with one or more bureaus within DOI.

102. DOI's FOIA Program website states the request's determination due date and estimated processing date are February 21, 2019. Contrary to the confirmation letter Plaintiffs received on January 23, 2019, the website lists this request as being in the "normal" processing track. These dates appear to be automatically generated.

103. Plaintiffs consistently inquired about the status of OS-2019-00378, emailing follow-up letters on March 8, April 8, May 8, and July 1, 2019, which notified DOI that it was not complying with FOIA's statutory deadlines.

104. Through these letters, Plaintiffs offered to work with the agency to facilitate the production of responsive documents in a timely manner.

105. On May 9, 2019, DOI FOIA Officer Cindy Sweeney notified Plaintiffs via email that DOI had received some records, although the agency was unsure if the request was complete and needed to do more inquiry. FOIA Officer Sweeney's email stated she would inform Plaintiffs when more information was available.

106. FOIA Officer Cindy Sweeney has yet to contact Plaintiffs with more information on the DOI Porcupine Caribou Herd Request.

107. On July 17, 2019, Plaintiffs sent a final demand letter. The final demand letter stated that legal recourse was necessary if DOI did not respond by July 30, 2019.

Compl. for Declaratory and Injunctive Relief                                    Page 26 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 26 of 53

That letter further requested an estimated completion date for FOIA request OS-2019-00378.

108. DOI has not responded to Plaintiffs' final demand letter.

109. To date, DOI has not provided any records responsive to the DOI Porcupine Caribou Herd Request.

110. This complaint was filed 102 workdays after the March 7, 2019 determination deadline.

D.     February 20, 2019, BLM Request—BLM-2019-00383

111. On February 20, 2019, Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society submitted a FOIA request via email on behalf of the coalition to BLM–Alaska (BLM Draft EIS Deliverables or BLM-2019-00383).

112. The BLM Draft EIS Deliverables Request seeks:

> All deliverable documents from contractors, including but not limited to contractor Environmental Management and Planning Solutions and subcontractors Northern Economics and Stephen R. Braund & Associates, used to develop the draft Environmental Impact Statement [] for the Coastal Plain Oil and Gas Leasing EIS (DOI-BLM-AK-0000-2018-0002-EIS).

Request transmitted from Maresa Jenson, Legal Fellow, Trustees for Alaska, to Heidi Wanner, BLM–Alaska State Office (February 20, 2019) (internal citation omitted).

113. On April 12, 2019, BLM–Alaska FOIA Officer Heidi Wanner emailed an acknowledgment letter stating that the agency received the BLM Draft EIS Deliverables Request and assigned it the tracking number BLM-2019-00383. The acknowledgment

Compl. for Declaratory and Injunctive Relief                          Page 27 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 27 of 53

letter notified the requesters that BLM would take a 10-workday extension under 43

C.F.R. § 2.19 and had placed the request in the "complex" processing track to "search

for, collect, and examine a voluminous amount of separate and distinct records that are

demanded in a single request."

114. BLM's April 12, 2019 confirmation was 17 working days after the statutory

deadline of March 20, 2019.

115. The requesters consistently inquired about the status of BLM-2019-00383,

emailing follow-up letters on April 4, May 6, and June 6, 2019, which notified BLM that

it was not complying with FOIA's statutory deadlines.

116. Through these letters, the requesters offered to work with the agency to

facilitate the production of responsive documents in a timely manner.

117. The requesters' May 6 and June 6, 2019 follow-up letters informed BLM that

invoking the 10-workday extension was improper as the due date had already passed at

the time the request was confirmed.

118. On June 18, 2019, Plaintiffs' Counsel followed-up via phone, leaving a

message asking for a status request from FOIA Officer Heidi Wanner. On June 21, 2019,

Heidi Wanner returned the call and indicated that the records requested may be released

in conjunction with another request made by an unrelated group or individual for

information pertaining to draft EIS contractor agreements.

Compl. for Declaratory and Injunctive Relief                                    Page 28 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 28 of 53

119. On July 17, 2019, the requesters sent a final demand letter. The final demand letter stated that legal recourse was necessary if BLM did not respond by July 30, 2019. That letter further requested an estimated completion date for FOIA request BLM-2019-00383.

120. BLM has not responded to the requesters' final demand letter.

121. On July 24, 2019, BLM FOIA Officer Heidi Wanner emailed Plaintiffs' Counsel with a status update that the subject matter expert will continue to collect records after returning from vacation on August 2, 2019.

122. On July 30, 2019, BLM FOIA Officer Heidi Wanner emailed Plaintiffs' Counsel with a status update that the subject matter expert has provided documents and they are with the FOIA office for review.

123. To date, BLM has not provided an estimated completion date or any records responsive to the BLM Draft EIS Deliverables FOIA.

124. This complaint was filed 93 workdays after the March 20, 2019 determination deadline.

E.  February 25, 2019, DOI Request—OS-2019-00520

125. On February 25, 2019, Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society submitted a FOIA request via email on behalf of the coalition to DOI, Office of the Secretary (DOI Government Shutdown Request or OS-2019-00520).

Compl. for Declaratory and Injunctive Relief                     Page 29 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 29 of 53

126. The DOI Government Shutdown Request seeks:

All communications and records from December 1, 2018 to the date of the search related to work on the Coastal Plain Oil and Gas Leasing Draft Environmental Impact Statement DOI-BLM-AK-0000-2018-0002-EIS [] during the December 21, 2018 to January 25, 2019 government shutdown and any anticipated government shutdowns thereafter. These communications and records include, but are not limited to: funding sources; staff recalls from furlough; staff assignments; public meetings; leasing DEIS timelines; extension requests; requests from the public for information; correspondence between David Bernhardt, Joseph Balash, James Cason, Steve Wackowski, Bureau of Land Management staff, contractors, subcontractors, and private individuals and corporations; correspondence with the Office of the Federal Register; any missed delivery notices from delivery services; all proposed, draft, and final contingency plans and records related to their implementation; and records and communications between essential/excepted staff and furloughed employees.

Request transmitted from Maresa Jenson, Legal Fellow, Trustees for Alaska, to Clarice Julka, Office of the Secretary, DOI (February 25, 2019).

127. On February 27, 2019, DOI FOIA Officer Glory Baldwin emailed the requesters an acknowledgment letter that the agency received the DOI Government Shutdown Request and assigned the tracking number OS-2019-00520. The acknowledgment letter notified the requesters that DOI would take a 10-workday extension under 43 C.F.R. § 2.19 and had placed the request in the "complex" processing track to consult with one or more bureaus within DOI.

128. The DOI FOIA Program website states the request's determination due date is March 25, 2019, and the request has an estimated processing date of May 20, 2019. These dates appear to be automatically generated.

Compl. for Declaratory and Injunctive Relief                    Page 30 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 30 of 53

129. The requesters consistently inquired about the status of OS-2019-00520, emailing follow-up letters on April 9, May 9, and June 10, 2019, which notified DOI that it was not complying with FOIA's statutory deadlines.

130. Through these letters, the requesters offered to work with the agency to facilitate the production of responsive documents in a timely manner.

131. On May 10, 2019, FOIA Officer Cindy Sweeney notified Plaintiffs' Counsel via email that DOI had received all records for this request and placed the request "in the queue to be assigned for processing."

132. On June 11, 2019, FOIA Officer Cindy Sweeney provided via email that the request's status remains unchanged.

133. DOI has yet to provide a timeline for processing this request.

134. On July 17, 2019, the requesters sent a final demand letter. The final demand letter stated that legal recourse was necessary if DOI did not respond by July 30, 2019. That letter further requested an estimated completion date for FOIA request OS-2019-00520.

135. DOI has not responded to the requesters' final demand letter.

136. To date, DOI has not provided any records responsive to the DOI Government Shutdown Request.

137. This complaint was filed 80 workdays after the April 8, 2019 determination deadline.

Compl. for Declaratory and Injunctive Relief                    Page 31 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 31 of 53

F.    February 25, 2019, BLM Request—BLM-2019-00963

138. On February 25, 2019, Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society submitted a FOIA request via email on behalf of the coalition to BLM–Alaska (BLM Government Shutdown Request or BLM-2019-00963).

139. The BLM Government Shutdown Request seeks:

> All communications and records from December 1, 2018 to the date of the search related to work on the Coastal Plain Oil and Gas Leasing Draft Environmental Impact Statement DOI-BLM-AK-0000-2018-0002-EIS (leasing DEIS) during the December 21, 2018 to January 25, 2019 government shutdown and any anticipated government shutdowns thereafter. These communications and records include, but are not limited to: funding sources; staff recalls from furlough; staff assignments; public meetings; leasing DEIS timelines; extension requests; requests from the public for information; correspondence between David Bernhardt, Joseph Balash, James Cason, Steve Wackowski, Bureau of Land Management staff, contractors, subcontractors, and private individuals and corporations; correspondence with the Office of the Federal Register; any missed delivery notices from delivery services; all proposed, draft, and final contingency plans and records related to their implementation; and records and communications between essential/excepted staff and furloughed employees.

Request transmitted from Maresa Jenson, Legal Fellow, Trustees for Alaska, to Heidi Wanner, BLM–Alaska State Office (February 25, 2019).

140. On April 12, 2019, BLM–Alaska FOIA Officer Heidi Wanner emailed the requesters an acknowledgment letter stating that the agency received the BLM Government Shutdown Request and assigned the tracking number BLM-2019-00607.[1]

---

[1] On July 18, 2019, BLM–Alaska FOIA Officer Daniel Oakland emailed Plaintiffs' Counsel to reassign the tracking number to BLM-2019-00963 for this request.

---

Compl. for Declaratory and Injunctive Relief                                    Page 32 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

The acknowledgment letter notified the requesters that DOI would take a 10-workday

extension under 43 C.F.R. § 2.19 and had placed the request in the "complex" processing

track to "search for, collect, and examine a voluminous amount of separate and distinct

records that are demanded in a single request."

141. BLM confirmed this FOIA on April 12, 2019, 12 working days after the

March 25, 2019, 20-day deadline.

142. The requesters consistently inquired about the status of BLM-2019-00963,

emailing follow-up letters on April 9, May 9, and June 10, 2019, which notified BLM

that it was not complying with FOIA's statutory deadlines.

143. Through these letters, the requesters offered to work with the agency to

facilitate the production of responsive documents in a timely manner.

144. The requesters' May 9 and June 10, 2019 follow-up letters informed BLM

that invoking a 10-work day extension was improper as the April 8, 2019 due date had

already passed at the time the request was confirmed.

145. On June 18, 2019, Plaintiffs' Counsel followed-up via phone, leaving a

message asking for a status request from FOIA Officer Heidi Wanner.

146. On June 21, 2019, Heidi Wanner returned the call and indicated that BLM–

Alaska was not yet processing this request.

147. On July 17, 2019, the requesters sent a final demand letter. The final demand

letter stated that legal recourse was necessary if BLM did not respond by July 30, 2019.

Compl. for Declaratory and Injunctive Relief                                      Page 33 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 33 of 53

That letter further requested an estimated completion date for FOIA request BLM-2019-00963.

148. BLM has not responded to the requesters' final demand letter.

149. On July 24, 2019, FOIA Officer Heidi Wanner emailed Plaintiffs' Counsel with a status update that the responsive records were collected and being prepared by the FOIA office.

150. BLM has yet to provide a final determination to the requesters.

151. To date, BLM has not provided any records responsive to the BLM Government Shutdown Request.

152. This complaint was filed 90 workdays after the March 25, 2019 determination deadline.

G.  March 8, 2019, DOI Request—OS-2019-00565

153. On March 8, 2019, Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society submitted a FOIA request via email on behalf of the coalition to DOI, Office of the Secretary (DOI Seismic Communications Request or OS-2019-00565).

154. The DOI Seismic Communications Request seeks:

All communications and records from April 15, 2018, related to SAExploration Inc. Seismic Application DOI-BLM-AK-R000-2018-0040-EA (Seismic Application) including but not limited to: internal Department of Interior (DOI) communications; all correspondence between officials, staff, and employees at DOI, Bureau of Land Management (BLM), Fish and Wildlife Service (FWS), and SAExploration Inc. (including, but not limited

Compl. for Declaratory and Injunctive Relief                                         Page 34 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 34 of 53

to, SAExploration Inc.'s executive team Jeff Hastings, Chairman, Brian Beatty, CEO and President, Brent Whiteley, CFO and General Counsel, Mike Scott, EVP Operations, Darin Silvernagle, EVP-Marine Operations, and other staff and employees); all versions and drafts of the SAExploration, Inc. Permit Application; communications and records used to assess and determine the standards for adequate snow cover for the Coastal Plain of the Arctic Refuge, including all data sets and published or unpublished scientific reports or studies relied on.

Request transmitted from Maresa Jenson, Legal Fellow, Trustees for Alaska, to Clarice Julka, Office of the Secretary, DOI (Mar. 8, 2019).

155. On March 12, 2019, DOI FOIA Officer Glory Baldwin emailed the requesters an acknowledgment letter stating that the agency received the DOI Seismic Communications Request and assigning the tracking number OS-2019-00565. The acknowledgment letter notified the requesters that DOI would take a 10-workday extension under 43 C.F.R. § 2.19 and had placed the request in the "complex" processing track to consult with one or more bureaus within DOI.

156. The DOI FOIA Program website states the request's determination due date is April 5, 2019, and the request has an estimated processing date of June 3, 2019. These dates appear to be automatically generated.

157. The requesters consistently inquired about the status of OS-2019-00565, emailing follow-up letters on April 22, May 22, and June 24, 2019, which notified DOI that it was not complying with FOIA's statutory deadlines.

158. Through these letters, the requesters offered to work with the agency to facilitate the production of responsive documents in a timely manner.

Compl. for Declaratory and Injunctive Relief                                    Page 35 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 35 of 53

159. DOI FOIA Officer Cindy Sweeney confirmed the April 22 and June 24, 2019 follow-up letters via email stating that the agency is still waiting on program offices to send the potentially responsive records.

160. On July 17, 2019, the requesters sent a final demand letter. The final demand letter stated that legal recourse was necessary if DOI did not respond by July 30, 2019. That letter further requested an estimated completion date for FOIA request OS-2019-00565.

161. DOI has not responded to the requesters' final demand letter.

162. To date, DOI has not provided any records responsive to the DOI Seismic Communications Request.

163. This complaint was filed 71 workdays after the April 19, 2019 determination deadline.

H.    March 8, 2019, BLM Request—BLM-2019-00483

164. On March 8, 2019, Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society submitted a FOIA request via email on behalf of the coalition to BLM–Alaska (BLM Seismic Communications Request or BLM-2019-00483).

165. The BLM Seismic Communications Request seeks:

All communications and records from April 15, 2018, related to SAExploration Inc. Seismic Application DOI-BLM-AK-R000-2018-0040-EA (Seismic Application) including but not limited to: internal Bureau of Land Management (BLM) communications; all correspondence between officials, staff, and employees at BLM, Fish and Wildlife Service (FWS), Department of Interior (DOI), and SAExploration Inc. (including, but not

Compl. for Declaratory and Injunctive Relief                                    Page 36 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 36 of 53

limited to, SAExploration Inc.'s executive team Jeff Hastings, Chairman, Brian Beatty, CEO and President, Brent Whiteley, CFO and General Counsel, Mike Scott, EVP Operations, Darin Silvernagle, EVP-Marine Operations, and other staff and employees); all versions and drafts of the SAExploration, Inc. Permit Application; communications and records used to assess and determine the standards for adequate snow cover for the Coastal Plain of the Arctic Refuge, including all data sets and published or unpublished scientific reports or studies relied on.

Request transmitted from Maresa Jenson, Legal Fellow, Trustees for Alaska, to Heidi Wanner, BLM–Alaska State Office (Mar. 8, 2019)

166. On April 12, 2019, BLM–Alaska FOIA Officer Heidi Wanner emailed the requesters an acknowledgment letter stating that the agency received the BLM Seismic Communications Request and assigned the tracking number BLM-2019-00483. The acknowledgment letter notified the requesters that BLM would take a 10-workday extension under 43 C.F.R. § 2.19 and had placed the request in the "complex" processing track to "search for, collect, and examine a voluminous amount of separate and distinct records that are demanded in a single request."

167. BLM confirmed this FOIA on April 12, 2019, five working days after the April 5, 2019, 20 day deadline.

168. The requesters consistently inquired about the status of BLM-2019-00483, emailing follow-up letters on April 22, May 22, and June 24, 2019, which notified BLM that it was not complying with FOIA's statutory deadlines.

169. Through these letters, the requesters offered to work with the agency to facilitate the production of responsive documents in a timely manner.

Compl. for Declaratory and Injunctive Relief                                    Page 37 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 37 of 53

170. All the requesters' follow-up letters informed BLM that invoking the 10-workday extension was improper as the due date had already passed at the time the request was confirmed.

171. BLM has not confirmed via email any of Plaintiffs' follow-up letters.

172. On June 18, 2019, Plaintiffs' Counsel followed-up via phone, leaving a message asking for a status update from FOIA Officer Heidi Wanner. On June 21, 2019, Heidi Wanner returned the call and indicated that BLM–Alaska was releasing public information from a separate Defenders of Wildlife request pertaining to the SAE seismic proposal and this request would not move forward until that request was processed because of some overlap. Plaintiffs' Counsel asserted that, although some records may overlap, the BLM Seismic Communications Request is unlike the previous Defenders of Wildlife request because it covers a different timeframe and explicitly seeks records concerning snow cover.

173. On July 17, 2019, the requesters sent a final demand letter. The final demand letter stated that legal recourse was necessary if BLM did not respond by July 30, 2019. That letter further requested an estimated completion date for FOIA request BLM-2019-00483.

174. BLM has not responded to the requesters' final demand letter.

175. On July 24, 2019, FOIA Officer Heidi Wanner emailed Plaintiffs' Counsel with a status update that the records for the previous Defenders of Wildlife request were

Compl. for Declaratory and Injunctive Relief                          Page 38 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 38 of 53

posted monthly to the BLM FOIA reading room. On July 24, 2019, Plaintiffs' Counsel replied via email to clarify that the releases will cover potentially different material and asked that this be considered when addressing this request.

176. On July 30, 2019, BLM FOIA Officer Heidi Wanner emailed Plaintiffs' Counsel to clarify that Alaska BLM is aware there are additional documents beyond the separate Defenders of Wildlife request responsive to the BLM Seismic Communications Request. The email further clarified that that BLM is currently focusing on processing documents for earlier filed seismic requests responsive to several other requests with related subject matter.

177. To date, BLM has not provided an estimated completion date or any records responsive to the BLM Seismic Communications FOIA.

178. This complaint was filed 81 workdays after the April 5, 2019 determination deadline.

I.  <u>March 8, 2019, FWS Request—FWS-2019-00782</u>

179. On March 8, 2019, Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society submitted a FOIA request via email on behalf of the coalition to FWS (FWS Seismic Communications Request or FWS-2019-782).

180. The FWS Seismic Communications Request seeks:

All communications and records from April 15, 2018, related to SAExploration Inc. Seismic Application DOI-BLM-AK-R000-2018-0040-EA (Seismic Application) including but not limited to: internal [FWS] communications; all correspondence between officials, staff, and employees

Compl. for Declaratory and Injunctive Relief                     Page 39 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 39 of 53

at FWS, [BLM], [DOI] communications, and SAExploration Inc. (including, but not limited to, SAExploration Inc.'s executive team Jeff Hastings, Chairman, Brian Beatty, CEO and President, Brent Whiteley, CFO and General Counsel, Mike Scott, EVP Operations, Darin Silvernagle, EVP-Marine Operations, and other staff and employees); all versions and drafts of the SAExploration, Inc. Permit Application; communications and records used to assess and determine the standards for adequate snow cover for the Coastal Plain of the Arctic Refuge, including all data sets and published or unpublished scientific reports or studies relied on.

Request transmitted from Maresa Jenson, Legal Fellow, Trustees for Alaska, to Maria Rivero, FWS-Alaska (Mar. 8, 2019).

181. On May 24, 2019, FWS FOIA Officer Lisa Claussen-Krabbe emailed an acknowledgment letter stating that the agency received the FWS Seismic Communications Request and assigned it the tracking number FWS-2019-00782. The acknowledgment letter notified the requesters that FWS had placed the request in the "complex" processing track to consult with one or more bureaus within DOI. FWS declined to make a final determination on the request.

182. The requesters consistently inquired about the status of FWS-2019-00782, emailing follow-up letters on April 22, May 22, and June 24, 2019, which notified FWS that it was not complying with FOIA's statutory deadlines. Through these letters, the requesters offered to work with the agency to facilitate the production of responsive documents in a timely manner.

183. On July 17, 2019, the requesters sent a final demand letter. The final demand letter stated that legal recourse was necessary if FWS did not respond by July 30, 2019.

Compl. for Declaratory and Injunctive Relief                                Page 40 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 40 of 53

That letter further requested an estimated completion date for FOIA request FWS-2019-00782.

184. On July 29, 2019, FWS FOIA Officer Lisa Claussen-Krabbe emailed Plaintiffs' Counsel and clarified the agency understanding is that requesters would not like to withdraw the FWS Seismic Communications Request and acknowledged receipt of requesters' April 22, May 22, June 24, and July 17, 2019 letters.

185. To date, FWS has not provided an estimated completion date or any records responsive to the FWS Seismic Communications FOIA.

186. This complaint was filed 81 workdays after the April 5, 2019 determination deadline.

## ALLEGATIONS PERTAINING TO ALL REQUESTS

187. The filing of this lawsuit is necessary to compel Defendants to disclose all records that are responsive to Plaintiffs' FOIA requests at issue in this case.

188. Plaintiffs' claims are not insubstantial. 5 U.S.C. § 552(a)(4)(E)(ii)(II).

189. No exceptional circumstances exist within the meaning of FOIA that would allow this Court to grant Defendants more time to review and disclose requested records. 5 U.S.C. § 552(a)(6)(C).

190. FOIA requires an agency to issue a final determination resolving a request within twenty working days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i).

191. Defendants have failed to issue a final decision on Plaintiffs' FOIA requests within 20 working days of their submission to Defendants.

---

192. Defendants have failed to provide a written notice to Plaintiffs asserting that "unusual circumstances" prevented them from compliance with FOIA's decision deadlines. 5 U.S.C. § 552(a)(6)(B)(ii).

193. The deadlines for issuing a final determination of Plaintiffs' FOIA requests have all elapsed.

194. Defendants have failed to demonstrate that any of FOIA's nine emptions to mandatory disclosure apply to the information currently being withheld by the Defendants that is responsive to Plaintiffs' FOIA requests.

195. As of the date this action was filed, the Defendants have not provided final determinations on any of Plaintiffs' FOIA requests that are pending with Defendants.

196. As of the date this action was filed all estimated completion dates provided by the Defendants have elapsed and they have not provided Plaintiffs with new estimated completion dates for the FOIA requests currently pending with Defendants.

197. Defendants have not exercised due diligence in searching for and releasing records responsive to Plaintiffs' requests.

198. The delays at issue in this case result from a predictable agency workload in responding to the public's FOIA requests. Defendants have not made reasonable progress in reducing their backlog of pending requests.

Compl. for Declaratory and Injunctive Relief                                      Page 42 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 42 of 53

199. The circumstances surrounding the withholdings raise questions regarding whether agency personnel acted arbitrarily or capriciously with respect to the withholdings at issue in this case.

200. Based on the nature of Plaintiffs' professional activities, they will continue to employ FOIA's provisions for information requests to Defendants in the foreseeable future. Plaintiffs' professional activities will be adversely affected if Defendants are allowed to continue violating FOIA's disclosure provisions. Unless enjoined and made subject to a declaration of Plaintiffs' legal rights by this Court, Defendants will continue to violate Plaintiffs' procedural and substantive rights to receive public records under FOIA.

201. Plaintiffs have been required to make financial commitments and to obtain the services of attorneys to prosecute this action.

## CLAIMS FOR RELIEF

### FIRST CLAIM
*Violation of the Freedom of Information Act —*
*Constructive Denial/Unlawful Withholding*
*by DOI, BLM–Alaska, and FWS–Alaska*

202. Plaintiffs re-allege and incorporate by reference the allegations made in all preceding paragraphs.

203. Plaintiffs have a statutory right to the records they seek. Defendants have failed to lawfully to assert that any of FOIA's nine disclosure exemptions apply to the information sought in this action. *See* 5 U.S.C. §§ 552(b)(l)–(9).

Compl. for Declaratory and Injunctive Relief                    Page 43 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 43 of 53

204. Defendants violated Plaintiffs' rights by failing to comply with FOIA's decision deadlines, 5 U.S.C. § 552(a)(6)(A)(i), (a)(6)(B)(i), and constructively withholding information responsive to Plaintiffs' requests:

   a. DOI S.O. 3355 Request, OS-2019-00314

   b. DOI Porcupine Caribou Herd Request, OS-2019-00378

   c. DOI Government Shutdown Request, OS-2019-00520

   d. DOI Seismic Communications Request, OS-2019-00565

   e. BLM S.O. 3355 Request, BLM-2019-00324

   f. BLM Draft EIS Deliverable Request, BLM-2019-00383

   g. BLM Government Shutdown Request, BLM-2019-00963

   h. BLM Seismic Communications Request, BLM-2019-00483

   i. FWS Seismic Communications Request, FWS-2019-00782

205. Unless enjoined and made subject to a declaration of Plaintiffs' legal rights by this Court, Defendants will continue to violate the rights of Plaintiffs to receive public records under FOIA.

206. Plaintiffs are entitled to reasonable costs of litigation, including attorneys' fees and costs, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

Compl. for Declaratory and Injunctive Relief                                    Page 44 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 44 of 53

## SECOND CLAIM
*Violation of the Freedom of Information Act —*
*Decision Deadline Violation*
*by DOI, BLM–Alaska, and FWS–Alaska*

207. Plaintiffs re-allege and incorporate by reference the allegations made in all preceding paragraphs.

208. Plaintiffs have a right for agencies to process their FOIA requests within FOIA's statutory time limits.

209. Plaintiffs' rights were violated when agencies repeatedly and unlawfully delayed responding to their requests beyond the determination dates set forth in FOIA's deadlines. 5 U.S.C. § 552(a)(6)(A)(i).

210. Defendants are unlawfully withholding public disclosure of information sought by Plaintiffs. No valid disclosure exemption applies to these records.

211. Without this Court's action, Defendants will continue to violate Plaintiffs' rights to receive public records under FOIA.

212. Plaintiffs are entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## THIRD CLAIM
*Violation of the Freedom of Information Act —*
*Failure to Provide an Estimated Completion Dates*
*for DOI, BLM–Alaska, and FWS–Alaska*

213. Plaintiffs re-allege and incorporate by reference the allegations made in all preceding paragraphs.

214. Agencies are required to provide "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

215. Defendants have repeatedly failed to provide estimated dates of completion for Plaintiffs' requests:

   a. DOI S.O. 3355 Request, OS-2019-00314

   b. DOI Porcupine Caribou Herd Request, OS-2019-00378

   c. DOI Government Shutdown Request, OS-2019-00520

   d. DOI Seismic Communications Request, OS-2019-00565

   e. BLM S.O. 3355 Request, BLM-2019-00324

   f. BLM Draft EIS Deliverable Request, BLM-2019-00383

   g. BLM Government Shutdown Request, BLM-2019-00963

   h. BLM Seismic Communications Request, BLM-2019-00483

   i. FWS Seismic Communications Request, FWS-2019-00782

216. Unless enjoined and made subject to a declaration of Plaintiffs' legal rights by this Court, Defendants will continue to violate the rights of Plaintiffs to receive public records under FOIA.

217. Plaintiffs are entitled to reasonable costs of litigation, including attorneys' fees and costs, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

Compl. for Declaratory and Injunctive Relief                    Page 46 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 46 of 53

## FOURTH CLAIM
*Violation of the Freedom of Information Act and
the Administrative Procedures Act —
Engaging in a Pattern, Practice, or Policy of Unlawful Conduct
of Failure to Provide Accurate Estimated Completion Dates
by DOI and BLM–Alaska*

218. Plaintiffs re-allege and incorporate by reference the allegations made in all preceding paragraphs.

219. DOI and BLM–Alaska have adopted and are engaged in a pattern, practice, or policy of violating FOIA's procedural requirements when processing FOIA requests by repeatedly refusing to issue accurate estimated dates on which DOI and BLM–Alaska will complete action as required by 5 U.S.C. § 552(a)(7)(B)(ii).

220. To the extent that DOI has asserted any estimated completion dates in this case, they appear to have been automatically generated without any regard to the specific nature of the request at issue and the actual estimated time it would take to resolve.

221. On information and belief, DOI has a pattern, practice, or policy of not providing requesters with accurate estimated dates of completion for FOIA requests and instead applying generic dates that do not reflect the specific nature or scope of a particular request.

222. On information and belief, BLM–Alaska has a pattern, practice, or policy of not providing requesters with accurate estimated dates of completion for FOIA requests.

223. In this case, DOI and BLM–Alaska have engaged in a pattern, practice, or policy of violating FOIA in responding to Plaintiffs' requests by repeatedly failing to

provide accurate estimated dates by which DOI and BLM–Alaska will complete

Plaintiffs' requests.

224. DOI and BLM–Alaska's pattern, practice, or policy of failing to provide

accurate estimated completion dates for processing information requests violates the

intent and purpose of FOIA.

225. DOI and BLM–Alaska's patterns, practices, or policies for processing FOIA

requests have resulted in violations of Plaintiffs' rights to the lawful implementation of

FOIA.

226. DOI and BLM–Alaska's patterns, practices, or policies for processing FOIA

requests are likely to result in future violations of FOIA that will harm Plaintiffs because

Plaintiffs are likely to continue seeking public records from DOI and BLM–Alaska.

227. DOI and BLM–Alaska's patterns, practices, or policies of unlawful conduct

in violation of FOIA's clear requirement to issue an estimated date on which DOI and

BLM–Alaska will complete action on requests is likely to recur absent intervention by

this Court.

228. DOI and BLM–Alaska's practices or policies exist, whether formal or

informal in nature.

229. FOIA imposes no limits on courts' equitable power to enforce its terms, and

this Court should exercise its equitable powers to compel DOI and BLM–Alaska to

Compl. for Declaratory and Injunctive Relief                    Page 48 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 48 of 53

comply with the clear requirements of FOIA and prevent DOI and BLM–Alaska from continuing to apply its unlawful FOIA pattern, practice, or policy.

230. Plaintiffs are entitled to a declaration that DOI and BLM–Alaska's actions violated FOIA and to an injunction barring DOI and BLM–Alaska from violating FOIA in the future when responding to his FOIA requests. Whether granted under FOIA or the APA, declaratory or injunctive relief will clarify and settle the legal relations at issue and afford relief from the uncertainty and controversy that gave rise to these proceedings.

231. DOI and BLM–Alaska's unlawful patterns, practices, or policies of violating FOIA when responding to Plaintiffs' FOIA requests entitles Plaintiffs to an award of reasonable attorney fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

### FIFTH CLAIM
*Violation of the Administrative Procedures Act —*
*by DOI, BLM–Alaska, and FWS–Alaska*
*(in the alternative to Claims 1–4)*

232. Plaintiffs re-allege and incorporate by reference the allegations made in all preceding paragraphs.

233. Defendants have failed to comply with FOIA by refusing to: (1) make timely determinations on Plaintiffs' requests; and (2) provide Plaintiffs with the estimated completion dates for their DOI, BLM, and FWS requests.

234. Defendants have unlawfully withheld agency action under FOIA by refusing to: (1) make timely determinations on Plaintiffs' requests; and (2) provide Plaintiffs with the estimated completion dates for their DOI, BLM, and FWS requests.

235. Plaintiffs have been adversely affected and aggrieved by Defendants' failure to comply with FOIA. Defendants' refusal to: (1) make timely determinations on Plaintiffs' requests; and (2) provide Plaintiffs with the estimated completion dates for their DOI, BLM, and FWS requests violates Defendants' statutory duties under the APA.

236. Plaintiffs have suffered a legal wrong from agencies' failure to comply with FOIA. Defendants' refusal to: (1) make timely determinations on Plaintiffs' requests; and (2) provide Plaintiffs with the estimated completion dates for their DOI, BLM, and FWS requests violates Defendants' statutory duties under the APA and have injured Plaintiffs' interest in public engagement for agency processes pertaining to the Coastal Plain.

237. Defendants' failure and refusal to: (1) make timely determinations on Plaintiffs' requests; and (2) provide Plaintiffs with the estimated completion dates for their DOI, BLM, and FWS requests constitutes agency action unlawfully withheld and unreasonably delayed pursuant to the APA, 5 U.S.C. § 706(1).

238. Alternatively, Defendants' failure and refusal to: (1) make timely determinations on Plaintiffs' requests; and (2) provide Plaintiffs with the estimated completion dates for their DOI, BLM, and FWS requests violates FOIA's statutory

Compl. for Declaratory and Injunctive Relief                                        Page 50 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 50 of 53

mandates and is therefore arbitrary, capricious, or an abuse of discretion and not in accordance with law and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(2).

239. Plaintiffs have no adequate remedy at law to redress the violations above.

240. Plaintiffs are entitled to judicial review under the APA, 5 U.S.C. §§ 702, 704, 706.

241. Plaintiffs are entitled to costs of disbursements and costs of litigation, including reasonable attorney and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C. § 2412.

## REQUESTS FOR RELIEF

Plaintiffs request that the Court grant the following relief:

A.      Enter appropriate injunctive relief to promptly provide Plaintiffs all information sought in this action and immediately disclose the requested records;

B.      Declare Defendants' failure to disclose information requested by Plaintiffs to be unlawful under FOIA, 5 U.S.C. § 552(a)(7)(B)(i), or in the alternative under the APA, as an agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), and/or arbitrary, capricious, an abuse of discretion, and not in accordance with law, 5 U.S.C. § 706(2);

C.      Declare Defendants' failure to timely make a final determination on Plaintiffs' requests to be unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i), (a)(6)(B)(i), or in the alternative under the APA, an agency action unlawfully withheld and

Compl. for Declaratory and Injunctive Relief                                    Page 51 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 51 of 53

unreasonably delayed, 5 U.S.C. § 706(1), and/or arbitrary, capricious, an abuse of discretion, and not in accordance with law, 5 U.S.C. § 706(2).

     D.     Declare Defendants' failure to provide Plaintiffs with specific and accurate estimated completion dates to be unlawful under FOIA, 5 U.S.C. § 552(a)(7)(B)(i), as well as agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), and/or arbitrary, capricious, an abuse of discretion and not in accordance with law, 5 U.S.C. § 706(2);

     E.     Award Plaintiffs all reasonable costs and attorney's fees pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E), or Equal Access to Justice Act, 28 U.S.C. § 2412; and

     F.     Award Plaintiffs such other and further relief as this Court deems just and proper.

     Respectfully submitted this 31st day of July, 2019,

            s/ Maresa Jenson
           Maresa Jenson (AK Bar No. 1805048)
           Brian Litmans (AK Bar No. 0111068)
           Valerie Brown (AK Bar No. 9712099)
           TRUSTEES FOR ALASKA

            s/ David Bahr
           David Bahr (OR Bar No. 901990)
           (Application for *pro hac vice* pending)
           Bahr Law Offices, P.C.

           *Attorneys for Plaintiffs*

Compl. for Declaratory and Injunctive Relief          Page 52 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 52 of 53

## CERTIFICATE OF SERVICE

I certify that on July 31, 2019, I caused a copy of the COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF to be electronically filed with the Clerk of the Court for the U.S. District Court of Alaska using the CM/ECF system, and served defendants via first class U.S. Mail to:

Department of the Interior
1849 C Street, N.W.
Washington, DC 20240

Bureau of Land Management
1849 C Street, N.W., Room 5665
Washington, DC 20240

U.S. Fish and Wildlife Service
1849 C Street, N.W.
Washington, DC 20240

Bryan Schroder
Office of the U.S. Attorney
222 West 7th Ave., Room 253 #9
Anchorage, AK 99501

U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530

       s/ Maresa Jenson
Maresa Jenson (AK Bar No. 1805048)

Compl. for Declaratory and Injunctive Relief      Page 53 of 53
*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*, Case No. 3:19-cv-208-HRH

Case 3:19-cv-00208-HRH   Document 1   Filed 07/31/19   Page 53 of 53