BRYAN SCHRODER
United States Attorney

JOHN A. FONSTAD
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: John.Fonstad@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GWICH'IN STEERING COMMITTEE; ALASKA WILDERNESS LEAGUE; DEFENDERS OF WILDLIFE; and THE WILDERNESS SOCIETY,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. DEPARTMENT OF THE INTERIOR; U.S. BUREAU OF LAND MANAGEMENT; and U.S. FISH AND WILDLIFE SERVICE,<br><br>Defendants. | Case No. 3:19-cv-00208-HRH |

**DEFENDANTS' MOTION TO TRANSFER AND TO EXTEND
TIME TO ANSWER OR OTHERWISE RESPOND**

Pursuant to 28 U.S.C. § 1404(a), the U.S. Department of the Interior,

U.S. Bureau of Land Management, and U.S. Fish and Wildlife Service

(collectively, "Federal Defendants"), respectfully moves to transfer this action to the U.S. District Court for the District of Columbia. A substantially similar Freedom of Information Act ("FOIA") lawsuit is pending in the District of Columbia, and one of the Plaintiff's in this suit — Defenders of Wildlife — is a Plaintiff in that case. That case was filed eight months before this case, and it is already on a document production schedule. For the convenience of the parties, the feasibility of consolidation of this case with the District of Columbia case, and the interests of judicial economy and consistency, this Court should transfer this lawsuit to the District of Columbia. To the extent that the motion to transfer is not granted, the Federal Defendants request to defer filing an answer or other initial response to the Complaint until 30 days after the present motion is resolved.

## BACKGROUND

**The present suit.** This is a FOIA lawsuit concerning requests for federal records relating to the implementation of an oil and gas leasing program on the Coastal Plain of the Arctic National Wildlife Refuge. Compl. (Dkt. 1) ¶¶ 2-4. The Federal Defendants are the U.S. Department of the Interior and two of its components: the Bureau of Land Management and the Fish and Wildlife Service. Plaintiffs — Gwich'in Steering Committee, Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society — seek to enforce nine FOIA requests:

*Gwich'in Steering Comm. v. Dep't of Interior* Page 2 of 20
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 14   Filed 09/16/19   Page 2 of 20

1. A December 21, 2018 request made by the Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society to the Department of Interior. Compl. (Dkt. 1) ¶¶ 73-83. This request sought:

> All records, including waiver and extension requests and related communications pertaining to, or seeking guidance on, compliance with page and/or time limits of Secretarial Order 3355 [which pertains to environmental impact statements].
>
> All records, created to coordinate, develop, and comply with the waiver process for the Coastal Plain Oil and Gas Leasing Draft Environmental Impact Statement DOI-BLM-AK-0000-2018-0002-EIS as provided for in Deputy Secretary David Bernhardt's April 27, 2018 Memorandum, re: NEPA Document Clearing Process.
>
> All records created to comply with Permanent Instruction Memorandum (PIM) No. 2018-016 related to the Coastal Plain Oil and Gas Leasing Draft Environmental Impact Statement DOI-BLM-AK-0000-2018-0002-EIS, including but not limited to those documents specifically identified in the PIM, up to and including the documents prepared for the draft EIS and Notice of Availability.

Compl. (Dkt. 1) ¶ 74.

2. A December 21, 2018 request made by the Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society to the Bureau of Land Management's office in Alaska. Compl. (Dkt. 1) ¶¶ 84-98. This request sought the same items. *Compare* Compl. (Dkt. 1) ¶ 85, *with id.* ¶ 74.

3. A January 23, 2019 request made by the Gwich'in Steering Committee, Alaska Wilderness League, Defenders of Wildlife, and The

*Gwich'in Steering Comm. v. Dep't of Interior*  Page 3 of 20
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 14   Filed 09/16/19   Page 3 of 20

Wilderness Society to the Department of Interior. Compl. (Dkt. 1) ¶¶ 99-110.

This request sought:

> All communications and records pertaining to or concerning the Agreement Between the Government of Canada and the Government of the United States of America on the Conservation of the Porcupine Caribou Herd (Treaty), and U.S.-Canada International Porcupine Caribou Board (IPCB), including documents in possession related to the Treaty and Board from contractors such as Alaska Biological Research, and other government agencies, such as the Alaska Department of Fish and Game since January 1, 2017.

Compl. (Dkt. 1) ¶ 100.

    4.    A February 20, 2019 request made by the Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society to the Bureau of Land Management's office in Alaska. Compl. (Dkt. 1) ¶¶ 111-124. This request sought:

> All deliverable documents from contractors, including but not limited to contractor Environmental Management and Planning Solutions and subcontractors Northern Economics and Stephen R. Braund & Associates, used to develop the draft Environmental Impact Statement [] for the Coastal Plain Oil and Gas Leasing EIS (DOI-BLM-AK-0000-2018-0002-EIS).

Compl. (Dkt. 1) ¶ 112.

    5.    A February 25, 2019 request made by the Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society to the Department of Interior. Compl. (Dkt. 1) ¶¶ 125-137. This request sought:

*Gwich'in Steering Comm. v. Dep't of Interior*      Page 4 of 20
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 14   Filed 09/16/19   Page 4 of 20

> All communications and records from December
> 1, 2018 to the date of the search related to work on
> the Coastal Plain Oil and Gas Leasing Draft
> Environmental Impact Statement DOI-BLM-AK-
> 0000-2018-0002-EIS [] during the December 21, 2018
> to January 25, 2019 government shutdown and any
> anticipated government shutdowns thereafter. These
> communications and records include, but are not
> limited to: funding sources; staff recalls from
> furlough; staff assignments; public meetings; leasing
> DEIS timelines; extension requests; requests from
> the public for information; correspondence between
> David Bernhardt, Joseph Balash, James Cason, Steve
> Wackowski, Bureau of Land Management staff,
> contractors. subcontractors, and private individuals
> and corporations; correspondence with the Office of
> the Federal Register; any missed delivery notices
> from delivery services; all proposed, draft, and final
> contingency plans and records related to their
> implementation; and records and communications
> between essential/excepted staff and furloughed
> employees.

Compl. (Dkt. 1) ¶ 126.

6. A February 25, 2019 request made by the Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society to the Bureau of Land Management's office in Alaska. Compl. (Dkt. 1) ¶¶ 138-152. This request sought the same items. *Compare* Compl. (Dkt. 1) ¶ 139, *with id.* ¶ 126.

7. A March 8, 2019 request made by the Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society to the Department of Interior. Compl. (Dkt. 1) ¶¶ 153-163. This request sought:

*Gwich'in Steering Comm. v. Dep't of Interior*   Page 5 of 20
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 14   Filed 09/16/19   Page 5 of 20

> All communications and records from April 15.2018, related to SAExploration Inc. Seismic Application DOI-BLM-AK-R000-2018-0040-EA (Seismic Application) including but not limited to: internal Department of Interior (DOI) communications; all correspondence between officials, staff, and employees at DOI, Bureau of Land Management (BLM), Fish and Wildlife Service (FWS), and SAExploration Inc. (including, but not limited to, SAExploration Inc.'s executive team Jeff Hastings. Chairman, Brian Beatty, CEO and President, Brent Whiteley, CFO and General Counsel, Mike Scott, EVP Operations, Darin Silvernagle, EVP-Marine Operations, and other staff and employees): all versions and drafts of the SAExploration, Inc. Permit Application; communications and records used to assess and determine the standards for adequate snow cover for the Coastal Plain of the Arctic Refuge, including all data sets and published or unpublished scientific reports or studies relied on.

Compl. (Dkt. 1) ¶ 154.

8.  A March 8, 2019 request made by the Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society to the Bureau of Land Management's office in Alaska. Compl. (Dkt. 1) ¶¶ 164-178. This request sought the same items. *Compare* Compl. (Dkt. 1) ¶ 165, *with id.* ¶ 154.

9.  A March 8, 2019 request made by the Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society to the Fish and Wildlife Service. Compl. (Dkt. 1) ¶¶ 179-186. This request sought the same items. *Compare* Compl. (Dkt. 1) ¶ 180, *with id.* ¶ 154.

\* \* \*

*Gwich'in Steering Comm. v. Dep't of Interior*     Page 6 of 20
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 14   Filed 09/16/19   Page 6 of 20

Of note, the Defenders of Wildlife participated in all of these FOIA requests as a requestor. *See supra*, Background, Present Suit items 1-9. Plaintiffs filed the present suit in the District of Alaska on July 31, 2019. *See* Compl. (Dkt. 1).

**The suit pending in D.D.C.** On November 8, 2018, the Defenders of Wildlife filed a FOIA suit in the District of Columbia, naming as defendants the same three Federal Defendants in this case. *See* Complaint, *Defenders of Wildlife v. U.S. Dep't of Interior*, No. 1:18-cv-02572 (D.D.C.) (Ex. A) (hereinafter "D.D.C. Complaint"). This FOIA lawsuit also concerns the oil and gas leasing program on the Coastal Plain of the Arctic National Wildlife Refuge. *Compare* D.D.C. Compl. (Ex. A) ¶ 2, *with* Compl. (Dkt. 1) ¶¶ 2-4. The Defenders of Wildlife seeks to enforce six FOIA requests:

1. A December 21, 2018 request made by the Defenders of Wildlife to the Fish and Wildlife Service. D.D.C. Compl. (Ex. A) ¶¶ 24-30. This request sought:

> records generated, obtained or received by [the Alaska Region of FWS] since November 3, 2017 related to assessment, exploration and potential development of oil and gas resources in the Coastal Plain (Section 1002 Area) of the Arctic National Wildlife Refuge.

*Gwich'in Steering Comm. v. Dep't of Interior*        Page 7 of 20
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 14   Filed 09/16/19   Page 7 of 20

D.D.C. Compl. (Ex. A) ¶ 24. As such, this request involves and overlaps with many of the FOIA requests that are at issue in the present lawsuit. *See supra*, Background, Present Suit items 1-2, 4, 7-9.

2. An April 3, 2018 request made by the Defenders of Wildlife to the Department of Interior. D.D.C. Compl. (Ex. A) ¶¶ 37-42. This request sought similar items. *Compare* D.D.C. Compl. (Ex. A) ¶ 37, *with id.* ¶ 24. As such, this request involves and overlaps with many of the FOIA requests that are at issue in the present lawsuit. *See supra*, Background, Present Suit items 1-2, 4, 7-9.

3. An April 3, 2018 request made by the Defenders of Wildlife to the Bureau of Land Management's office in Alaska. D.D.C. Compl. (Ex. A) ¶¶ 49-54. This request sought similar items. *Compare* D.D.C. Compl. (Ex. A) ¶ 49, *with id.* ¶ 24. As such, this request involves and overlaps with many of the FOIA requests that are at issue in the present lawsuit. *See supra*, Background, Present Suit items 1-2, 4, 7-9.

4. A July 25, 2018 request made by the Defenders of Wildlife to the Fish and Wildlife Service. D.D.C. Compl. (Ex. A) ¶¶ 31-36. This request sought:

> records generated, obtained or received by [FWS] regarding seismic exploration for oil and gas reserves in the coastal plain (Section 1002 Area) of the Arctic National Wildlife Refuge since April 1, 2018.

*Gwich'in Steering Comm. v. Dep't of Interior* Page 8 of 20
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 14   Filed 09/16/19   Page 8 of 20

D.D.C. Compl. (Ex. A) ¶ 31. As such, this request involves and overlaps with many of the FOIA requests that are at issue in the present lawsuit. *See supra*, Background, Present Suit items 7-9.

    5.    A July 27, 2018 request made by the Defenders of Wildlife to the Department of Interior. D.D.C. Compl. (Ex. A) ¶¶ 43-48. This request sought similar items. *Compare* D.D.C. Compl. (Ex. A) ¶ 43, *with id.* ¶ 31. As such, this request involves and overlaps with many of the FOIA requests that are at issue in the present lawsuit. *See supra*, Background, Present Suit items 7-9.

    6.    A July 27, 2018 request made by the Defenders of Wildlife to the Bureau of Land Management's office in Alaska. D.D.C. Compl. (Ex. A) ¶¶ 55-60. This request sought similar items. *Compare* D.D.C. Compl. (Ex. A) ¶ 55, *with id.* ¶ 31. As such, this request involves and overlaps with many of the FOIA requests that are at issue in the present lawsuit. *See supra*, Background, Present Suit items 7-9.

\*   \*   \*

The D.D.C. lawsuit is on a document production schedule and the parties have been submitting periodic status reports to the court. *See* D.D.C. Docket Sheet (Ex. B), minute orders of 12/27/2018, 2/7/2019, 8/26/2019 (orders regarding production schedule); *see also id.* at docket entries 8, 11, 13, 14 (joint status reports).

*Gwich'in Steering Comm. v. Dep't of Interior*     Page 9 of 20
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH    Document 14    Filed 09/16/19    Page 9 of 20

# ARGUMENT

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Because broad federal venue statutes often result in inconvenient forums, Congress intended section 1404(a) to remedy this situation by authorizing the transfer of actions to a more convenient forum. *Ferrens v. John Deere Co.,* 494 U.S. 516, 522 (1990). Section 1404(a) was designed to protect litigants, witnesses and the public against unnecessary inconvenience and expense, *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964), and to ensure "systemic integrity and fairness" in the judicial process, *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 30 (1988), and the "efficient administration of the court system," *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 220-21 (7th Cir.1989).

Courts conduct a two-step analysis when considering a transfer motion. Initially, the Court must determine if the lawsuit "might have been brought" by the Plaintiff in the transferee district. *Hoffman v. Blaski,* 363 U.S. 335, 343-44 (1960); *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 414 (9th Cir.1985). Next, the Court must determine if transfer would serve "the interest of justice." 28 U.S.C. § 1404(a).

Here, the District of the District of Columbia is an appropriate alternative venue, and the interest of justice would best be served if this case

*Gwich'in Steering Comm. v. Dep't of Interior* Page 10 of 20
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 14   Filed 09/16/19   Page 10 of 20

was transferred to the District of Columbia so that it could proceed with the related FOIA case that is already pending before that court.

## I. THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA IS IN AN APPROPRIATE VENUE.

Plaintiffs could have filed their FOIA suit in the U.S. District Court for the District of Columbia, as the FOIA statute provides that any FOIA suit may be filed in the District of Columbia. 5 U.S.C. § 552(a)(4)(B). Indeed, Plaintiff Defenders of Wildlife has already availed itself of the District of Columbia forum for related FOIA litigation. *See* D.D.C. Compl. (Ex. A).

## II. THE INTERESTS OF JUSTICE STRONGLY FAVOR TRANSFER TO THE DISTRICT OF COLUMBIA.

The interests of justice analysis involves an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir.2000) (quoting *Stewart Org.,* 487 U.S. at 29). In making this determination, the Court may weigh multiple factors, including: (1) the plaintiffs' choice of forum; (2) the parties' convenience; (3) the witnesses' convenience; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) the feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time to trial in each forum. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); *see also Jones*, 211 F.3d at 498.

*Gwich'in Steering Comm. v. Dep't of Interior*     Page 11 of 20
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 14   Filed 09/16/19   Page 11 of 20

## A. The Plaintiffs' Choice of Forum.

This factor weighs slightly against transfer.

Normally, a plaintiff's choice of forum is afforded substantial weight. Here, Plaintiffs chose to file suit in Alaska. (It bears mention, however, Plaintiff Defenders of Wildlife selected the District of Columbia as a forum for its related FOIA lawsuit). "However, the plaintiff's choice carries less weight when the chosen forum is not the plaintiff's home." *Davis v. Prop. & Cas. Ins. Co. of Hartford*, No. F05-0002, 2005 WL 1694083, at *4 (D. Alaska July 14, 2005). Here, three of the four Plaintiffs are based in Washington, D.C.: the Alaska Wilderness League (*see* Dkt. 3), the Defenders of Wildlife (*see* Dkt. 4), and The Wilderness Society (*see* Dkt. 6). While Gwich'in Steering Committee is an Alaska-based non-profit (*see* Dkt. 5), its involvement in this lawsuit is small, as it is only involved in one of the FOIA requests at issue, *see supra* Background, Present Suit item 3.

Regardless, "a plaintiff's choice of forum is not the only factor to be considered. It may be outweighed by other considerations." *Loftin v. Maritime Overseas Corp.*, No. A94-011-CIV, 1994 WL 793717, at *3 & n.3 (D. Alaska Sept. 30, 1994) (explaining that the plaintiff's choice of forum receives less weight under the statutory transfer analysis than it used to receive under the common law *forum non conveniens* analysis).

*Gwich'in Steering Comm. v. Dep't of Interior* Page 12 of 20
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 14   Filed 09/16/19   Page 12 of 20

**B. Convenience of Parties and Witnesses.**

This factor weighs slightly in favor of transfer.

The convenience of parties and witnesses likely will play a small role in this case, as "[m]ost FOIA cases are resolved by the district court on summary judgment." *Animal Legal Defense Fund v. FDA*, 836 F.3d 987, 989 (9th Cir. 2016); *accord Lawyers' Comm. for Civil Rights v. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) ("As a general rule, all FOIA determinations should be resolved on summary judgment."). Discovery is seldom necessary or appropriate. *See Lane v. Dep't of the Interior*, 523 F.3d 1128, 1134-35 (9th Cir. 2008).

That said, the District of Columbia forum will be more convenient.

With regard to the Plaintiffs, three of the four are based in based in Washington, D.C.: the Alaska Wilderness League (*see* Dkt. 3), the Defenders of Wildlife (*see* Dkt. 4), and The Wilderness Society (*see* Dkt. 6). Although Gwich'in Steering Committee is an Alaska-based non-profit (*see* Dkt. 5), its involvement in this lawsuit is small, as it is only involved in one of the FOIA requests at issue, *see supra* Background, Present Suit item 3. Regardless, it has shared legal representation in this case, and it has participated in other FOIA litigation in D.D.C. *See Gwich'in Steering Committee v. Lujan*, No. 1:89-cv-2393 (D.D.C., filed Aug. 28, 1989). In addition, Plaintiffs' lawyers — Trustees for Alaska — have handled many cases in the District of

*Gwich'in Steering Comm. v. Dep't of Interior* Page 13 of 20
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 14   Filed 09/16/19   Page 13 of 20

Columbia. *See* Ex. C (LexisNexis CourtLink docket search).

With regard to the Defendants, the same Department of Interior agency attorney has been assigned to the present lawsuit and the D.D.C. lawsuit; that attorney is based in Washington, D.C. In addition, an Assistant United States Attorney in the District of Columbia already is assigned to the D.D.C. lawsuit. It will be more efficient for the Defendants to consolidate their litigation efforts into a single U.S. Attorney's Office and to avoid time zone constraints associated with coordinated cross-country legal defenses.

### C. Ease of Access to the Evidence.

This factor does not weigh for or against transfer.

As explained above, *supra* Argument Part II.B, FOIA cases seldom require discovery or present access to evidence problems.

The FOIA litigation in the District of Columbia is proceeding along a schedule, and there is no indication that the parties to that proceeding are having problems with access to evidence.

### D. Familiarity of Each Forum With the Applicable Law.

This factor weighs slightly in favor of transfer.

Defendants recognize that this Court is experienced with FOIA litigation and adept at interpreting and applying federal laws. That said, largely because the FOIA statute designates the District of Columbia as an appropriate forum for any FOIA action, *see* 5 U.S.C. § 552(a)(4)(B), "the

*Gwich'in Steering Comm. v. Dep't of Interior*   Page 14 of 20
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 14   Filed 09/16/19   Page 14 of 20

District Court for the District of Columbia and the D.C. Circuit have, over the years, decided a great many of the leading cases under the FOIA." *Litigation Considerations*, Dep't of Justice Guide to the Freedom of Information Act at 10 (Nov. 26, 2013), *available at* https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/litigation-considerations.pdf; *accord In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983) (citing legislative history recognizing that District of Columbia courts have special expertise in FOIA matters); *see also* D.D.C. Local Civ. R. 16.3(b), comment ("A significant portion of the nation's FOIA actions are pending in this Court"). Given the District of Columbia's higher FOIA caseload, the District of Columbia likely is more familiar with FOIA law and procedure than the District of Alaska.

Moreover, because the related case in D.D.C. was filed more than eight months before this case, *compare* D.D.C. Compl. (Ex. A) (filed Nov. 8, 2018), *with* Compl. (Dkt. 1) (filed July 31, 2019), and because that case is on a production schedule, the D.D.C. Court likely is more familiar than this Court with applying FOIA law to the specific issues presented in the current litigation.

### E. The Feasibility of Consolidation With Other Claims.

This is the most important factor in this case, and it weighs strongly in favor of transfer.

*Gwich'in Steering Comm. v. Dep't of Interior* Page 15 of 20
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 14   Filed 09/16/19   Page 15 of 20

As explained above, *see supra* Background, Plaintiff Defenders of Wildlife and the Federal Defendants are presently engaged in related FOIA litigation concerning the oil and gas leasing program on the Coastal Plain of the Arctic National Wildlife Refuge in the District of Columbia. Accordingly, if this lawsuit was transferred to the District of Columbia, it could be consolidated or coordinated with the related FOIA litigation.

"In general, cases should be transferred to districts where related actions are pending." *Bratton v. Schering–Plough Corp.*, No. CV 07-0653, 2007 WL 2023482, at *5 (D. Ariz. 2007). "[T]he pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 384, 386-87 (9th Cir. 1974). Indeed, litigation of related claims in the same tribunal is a "significant factor in the interest of justice factor" because it "facilitates efficient, economical and expeditious pre-trial proceedings" and "avoids duplic[ative] litigation and inconsistent results." *Jolly v. Purdue Pharma L.P.*, No. 05-CV-1452, 2005 WL 2439197, at *2 (S.D. Cal. Sept. 28, 2005) (internal quotation marks omitted); *accord Puri v. Hearthside Food Solutions LLC*, No. CV 11-8675, 2011 WL 6257182, at *3-4 (C.D. Cal. Dec. 13, 2011); *Mussetter Distrib., Inc. v. DBI Beverage, Inc.*, No. CIV 09-1442, 2009 WL 1992356, at *5 (E.D. Cal. July 8, 2009).

*Gwich'in Steering Comm. v. Dep't of Interior* Page 16 of 20
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH Document 14 Filed 09/16/19 Page 16 of 20

### F. Any Local Interest in the Controversy.

This factor does not weigh for or against transfer.

While the FOIA requests at issue concern the Coastal Plain of the Arctic National Wildlife Refuge, Plaintiffs have explained that they are interested in the documents at issue to inform the public as a whole — "Alaskans and individuals from the rest of the United States." Compl. (Dkt. 1) ¶ 22 (Alaska Wilderness League's allegations); *accord id.* ¶ 71 (allegations regarding the interests of all Americans in the Arctic National Wildlife Refuge); *see also id.* ¶ 23 (Defenders of Wildlife alleging that it has "more than 1.8 million members and supporters," with "6,300 in Alaska"), ¶ 25 (The Wilderness Society alleging that it has "more than one million members," with "300 living in Alaska"). Further, Plaintiffs have suggested that their purpose is to inform the public discussion on laws and regulations passed and implemented by the United States. *See id.* ¶¶ 18, 22, 26. As such, Plaintiffs recognize that this case presents national interests and matters of federal policy.

### G. The Relative Court Congestion and Time to Trial in Each Forum.

This factor weighs strongly in favor of transfer.

While the District of Columbia has a higher total caseload than the District of Alaska, the District of Columbia has a marginally shorter median

time interval from filing to disposition of civil cases than the District of Alaska. *See* United States Courts, Civil Federal Judicial Caseload Statistics, Table C-5 Median Time from Filing to Disposition of Civil Cases (reporting period end date Mar. 31, 2018), *available at* https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2018/03/31 (D.D.C. total median disposition time is 6.6 months; D. Alaska total median disposition time is 8.5 months).

More importantly, the related D.D.C. suit was filed more than eight months before the present suit. *Compare* D.D.C. Compl. (Ex. A) (filed Nov. 8, 2018), *with* Compl. (Dkt. 1) (filed July 31, 2019). The related case is on a production schedule, and the D.D.C. Court is receiving regular updates on the case status. D.D.C. Docket Sheet (Ex. B), minute orders of 12/27/2018, 2/7/2019, 8/26/2019 (orders regarding production schedule); *see also id.* at docket entries 8, 11, 13, 14 (joint status reports). Accordingly, the D.D.C. Court likely will be able to quickly assimilate this matter and bring it up to speed with the pending, related FOIA suit. *See Madani v. Shell Oil Co.*, No. C07-04296, 2008 WL 268986, at *2 (N.D. Cal. Jan. 30, 2008) ("The Court finds that concerns of judicial efficiency counsel strongly in favor of transfer. Judicial resources are conserved when an action is adjudicated by a court that has already committed judicial resources to the contested issues and is familiar with the facts of the case." (internal quotation omitted)); *Hoefer v.*

*Gwich'in Steering Comm. v. Dep't of Interior*  Page 18 of 20
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 14   Filed 09/16/19   Page 18 of 20

*U.S. Dep't of Commerce*, No. C 00 0918, 2000 WL 890862, *3 (N.D. Cal. June 28, 2000) (transfer warranted to district where earlier action had been litigated because keeping case "would entail a significant waste of time and energy and would involve duplicative effort by this court").

### III. IF THE COURT DENIES TRANSFER, IT SHOULD PROVIDE DEFENDANTS 30 DAYS TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT.

In the event that this Court declines to transfer this case to the District of Columbia, Defendants respectfully request that the Court afford Defendants 30 days to answer or otherwise respond to the complaint from the date of its order denying transfer. This extension of time will allow undersigned counsel time to get acclimated with the case, as it would be inefficient and a waste of resources for counsel to work on a case that should be transferred to the D.D.C. and would, therefore, be handled by a different U.S. Attorney's office.

### CONCLUSION

For the foregoing reasons, this Court should transfer this case to the U.S. District Court for the District of Columbia so that it can proceed with the related FOIA case previously brought by Plaintiff Defenders of Wildlife against the same Federal Defendants, which is under an active document production schedule in that court.

*Gwich'in Steering Comm. v. Dep't of Interior*  Page 19 of 20
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 14   Filed 09/16/19   Page 19 of 20

RESPECTFULLY SUBMITTED this 16th day of September 2019, at Anchorage, Alaska.

                                                BRYAN SCHRODER
                                                United States Attorney

                                                /s/ John A. Fonstad
                                                JOHN A. FONSTAD
                                                Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2019, a true and correct copy of the foregoing was served electronically on all counsel of record via the CM/ECF system:

Brian Litmans
David Bahr
Maresa Jenson
Valerie Brown
*Attorneys for Plaintiffs*

/s/ John Fonstad
Office of the U.S. Attorney

*Gwich'in Steering Comm. v. Dep't of Interior*                                                         *Page* 20 of 20
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 14  Filed 09/16/19  Page 20 of 20