Maresa Jenson (AK Bar No. 1805048)
Valerie Brown (AK Bar No. 9712099)
TRUSTEES FOR ALASKA
1026 W. Fourth Avenue, Suite 201
Anchorage, AK 99501
Phone: (907) 276-4244
Fax: (907) 276-7110
mjenson@trustees.org
vbrown@trustees.org

David A. Bahr (OR Bar No. 90199)
(*pro hac vice*)
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR 97402
Phone: (541) 556-6439
davebahr@mindspring.com

*Attorneys for Plaintiffs*

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GWICH'IN STEERING COMMITTEE, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF THE INTERIOR, ET AL., <br><br> Defendants. | Case No. 3:19-cv-208-HRH |

**DECLARATION OF MARESA JENSON IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND**
(Local Civil Rule 7.1(a))

I, Maresa Jenson, declare as follows:

1. I am an attorney at Trustees for Alaska, a nonprofit public interest law firm. I am lead counsel in the above-captioned case. I have personal knowledge of the facts stated in this affidavit and, if called as a witness, I could and would competently testify to them.

2. I have provided legal support to Plaintiffs in this case since submitting the first requests under the Freedom of Information Act on December 21, 2018.

3. I certify, consistent with the requirements of Local Civil Rule 7.3(a), that I have made a good faith effort to resolve the issues raised in the above-captioned litigation with opposing counsel.

4. Since first filing the Freedom of Information Act (FOIA) requests at issue in this case, I have had frequent, repeated telephonic and written contact with people at each of the agencies in an attempt to obtain the requested documents in a timely way, without litigation.

5. Specifically, Bureau of Land Management has yet to move forward with the request concerning seismic activities on the Coastal Plain of the Arctic Refuge, directing Plaintiffs' to view the releases to Defenders of Wildlife's litigation in the agency's online FOIA Reading Room. I have reiterated to Bureau of Land Management FOIA Officers though telephonic and email communications that material covered in this request is different than the material sought in Defenders of Wildlife's District of Columbia litigation.

6. I filed this case on Wednesday, July 31, 2019, and mailed a service copy and summons that same day to the Anchorage Office of the U.S. Attorney.

7. On Thursday, August 15, 2019, the certified mail postcard was returned, and I became aware that the summons envelope had the wrong employee title on it. The rules requires one employee on the address for hand delivered service, and a different employee for mail delivered service. Our envelope had been prepared for hand delivery, but sent via mail.

8. My paralegal called the U.S. Attorney's office and learned that they would not waive the service error. A new, properly addressed summons was served the next day, August 16, 2019.

9. On August 27, 2019, I emailed U.S. Assistant Attorneys John Fonstad, Richard Pomeroy, Christine Dollarhide and legal assistant Katie Schurig (all individuals previously cc'd on the emails relating to summons and therefore possibly associated with this case) at the U.S. Attorney's offices to see if the parties could agree to stay the case and negotiate a disclosure schedule before the answer was due.

10. On August 30, 2019 I received an email back that they would talk to their clients and inform me when they received a response. I received no further response.

11. On August 15, 2019, Katie Schurig, a legal assistant with the U.S. Attorney's Office, sent an email to Trustees for Alaska indicating that the assigned attorney had directed

that "an Answer for this FOIA matter will be submitted to the court within the 30-day deadline."[1]

12. On September 16, 2019, the day the answer was due, I received the Defendants' Motion to Transfer and to Extend Time to Answer or Otherwise Respond (Motion to Transfer), ECF No. 14, via the ECF filing system.

13. On September 18, 2019, I spoke telephonically with Assistant U.S. Attorney John Fonstad. I repeated the request that the parties work out a disclosure schedule in lieu of having a venue dispute. Counsel made it clear that he was unwilling to discuss settlement or any disclosure of documents until the venue motion is resolved. He also indicated he understood the Plaintiffs desire for speed and said he would not oppose a Motion to Expedite the Motion to Transfer.

14. I informed Mr. Fonstad that I intended to oppose his Motion to Transfer, unless he withdrew his motion and worked to set disclosure schedule on the outstanding Freedom of Information Act requests. Mr. Fonstad indicated that Defendants would not withdraw the motion but they would be willing to discuss the disclosure schedule after the Court decides the Defendants' pending Motion to Transfer.

---

[1] Email from Katie Schurig, Legal Assistant, U.S. Attorney's Office, to Jennie Frost, Paralegal, Trustees for Alaska (Aug. 15, 2019).

15. During the same call, Mr. Fonstad indicated he understood Plaintiffs desire for quick resolution and that the Defendants did not oppose the filing of a motion for expedited consideration of the Motion to Transfer.

Pursuant to 28 U.S.C. § 1746, and under penalty of perjury, I declare that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted September 21, 2019,

    s/ Maresa Jenson
Maresa Jenson (AK Bar No. 1805048)
TRUSTEES FOR ALASKA

*Gwich'in Steering Comm., et al., v. Dep't of Interior, et al.*
Case No. 3:19-cv-208-HRH     Page 5 of 5

Case 3:19-cv-00208-HRH   Document 18   Filed 09/21/19   Page 5 of 5