BRYAN SCHRODER
United States Attorney

JOHN A. FONSTAD
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: John.Fonstad@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GWICH'IN STEERING COMMITTEE; ALASKA WILDERNESS LEAGUE; DEFENDERS OF WILDLIFE; and THE WILDERNESS SOCIETY, <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. DEPARTMENT OF THE INTERIOR; U.S. BUREAU OF LAND MANAGEMENT; and U.S. FISH AND WILDLIFE SERVICE, <br><br> Defendants. | Case No. 3:19-cv-00208-HRH |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER AND TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND**

Defendants demonstrated that this case should be transferred to the

U.S. District Court for the District of Columbia. Dkt. 14. In opposition,

Plaintiffs have tipped their reason for filing the present lawsuit in Alaska: they are unhappy with the status of their related FOIA litigation in D.D.C. *See* Dkt. 17 at 4. The Court should not countenance forum shopping, nor should it accept wasteful, duplicative litigation or the risk of inconsistent judgments by letting the current action proceed in Alaska. The Court should transfer this action to D.D.C., per 28 U.S.C. § 1404(a).

### I. THERE IS NO MEANINGFUL DISPUTE THAT THE FOIA LITIGATION IN D.D.C. IS RELATED TO THE PRESENT CASE.

Defendants demonstrated that Plaintiff Defenders of Wildlife filed a FOIA lawsuit concerning similar topics in the District of Columbia more than eight months ago against the same Defendants in this case. Dkt. 14 at 7-9. Defendants further showed that the scope of the requests in this case overlap with the scope of the requests in the D.D.C. case. Dkt. 14 at 2-9, 16. In opposition, Plaintiffs do not meaningfully contest that the FOIA requests at issue in D.D.C. are related to the FOIA requests at issue in this case. *See* Dkt. 17 at 3-4. While Plaintiffs suggest that the two cases may have "very little overlap in the content of the requested records," *see* Dkt. 17 at 8, they offer no analysis to support this assertion. Given the breadth of the requests at issue in both cases, and that the same three Defendants are named in both cases, it is highly likely that these cases will involve overlapping documents, document repositories, and records custodians. *See* Dkt. 14 at 2-9 (comparing

*Gwich'in Steering Comm. v. Dep't of Interior* Page 2 of 10
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH    Document 21    Filed 09/27/19    Page 2 of 10

the specific FOIA requests at issue in both lawsuits). The two cases also will involve similar issues regarding the scope of any search for responsive documents, the processing time for producing materials, and the applicability of any FOIA exemptions, 5 U.S.C. § 552(b)(1)-(9).

## II. THE EXISTENCE OF THE RELATED FOIA LAWSUIT FILED BY PLAINTIFF IN D.D.C. JUSTIFIES TRANSFER.

Defendants demonstrated that this case should be transferred because Plaintiff Defenders of Wildlife brought related litigation in the D.D.C. against the same Defendants more than 8 months before this suit was filed. Dkt. 14 at 15-16. In opposition, Plaintiffs err in their legal analysis, narrowly limiting the range of transfer benefits to the question of formal case consolidation. Plaintiffs also misrepresent the status of the D.D.C. litigation when suggesting that there would be no benefits from transfer. Dkt. 17 at 12-14.

First, there are many benefits to transfer, including the possibility of formal or informal coordination with other actions, reducing duplicative litigation and repetitive discovery, and avoiding the risk of inconsistent rulings. Dkt. 14 at 16. In opposition, Plaintiffs focus on the possibility of formal case consolidation, Dkt. 17 at 12-14, but they err by ignoring the benefits of having related cases in the same jurisdiction even absent consolidation. *A.J. Indus., Inc. v. U.S. Dist. Ct. for C.D. of Cal.*, 503 F.2d 384,

*Gwich'in Steering Comm. v. Dep't of Interior* Page 3 of 10
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH Document 21 Filed 09/27/19 Page 3 of 10

389 (9th Cir. 1974) ("To hold that the pendency of an action between the parties in another district could not be considered unless the action could be consolidated would unnecessarily limit the factors that should be considered in making a transfer determination and would require a good deal of speculation by the transferor court as to whether or not consolidation would be possible"); *see also* 17 Moore's Federal Practice 3d § 111.13[1][o] (rev. ed. 2019) ("Judicial economy is served by having the two actions in the same district even though actual consolidation may not be possible").

Second, Plaintiffs minimize the benefits of transfer by misrepresenting the status of the D.D.C. lawsuit. Plaintiffs claim that the D.D.C. lawsuit "settle[d]" with a "resolution on the merits." Dkt. 17 at 12, 13. Not true: that case remains open and pending on the merits.[1] The parties are still working on document collection and production. *See* Joint Status Report (Aug. 23, 2019) (Ex. A); Joint Status Report (Sept. 23, 2019) (Ex. B). There has been no summary judgment briefing and no litigation over the applicability of any FOIA exemptions. Accordingly, the D.D.C. case is not done, and there likely will be future decisions from the court resolving disputes over the adequacy of a search and/or the propriety of withholding

---

[1] Plaintiffs elsewhere recognize that the D.D.C. case remains pending, as they complain about its progress. Dkt. 17 at 3-4. Under D.D.C. case law, the related complaint remains "pending on the merits." *See Boyd v. Nat'l Black Farmers Ass'n*, No. 12-1893, 2012 WL 6106415, at *1 (D.D.C. Dec. 10, 2012).

*Gwich'in Steering Comm. v. Dep't of Interior*  Page 4 of 10
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 21   Filed 09/27/19   Page 4 of 10

any items pursuant to FOIA exemptions.  Thus, the many benefits of having related cases heard in the same forum can be obtained here.

Third, upon transfer, it is almost certain that this case would be assigned to the same judge who is handling the related case, and there is a strong likelihood of formal consolidation of the two actions.  Because the D.D.C. case remains pending on the merits, the D.D.C. would recognize the two FOIA cases as being related.  D.D.C. Local Civ. R. 40.5(a)(3).  Accordingly, this case would be assigned to the same judge who is overseeing the related case.  D.D.C. Local Civ. R. 40.5(c).  That judge could consolidate the cases as appropriate to gain litigation efficiencies.  *See* Fed. R. Civ. P. 42.

Finally, Plaintiffs have tellingly tipped that they filed the present suit in Alaska only after deciding that the D.D.C. litigation was not proceeding as they would have liked.  *See* Dkt. 17 at 4 (complaining about "slowly receiving some records" that are "overdue").  Courts should not be hospitable to such strategic behavior.  *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1096 (N.D. Cal. 2013) (granting transfer; noting the "possibility of forum shopping" and that the plaintiff "has not provided any other explanation for its move [from a prior suit filed in a different district] to this District"); *Gerin v. Aegon USA, Inc.*, No. C 06-5407, 2007 WL 1033472, at *8 (N.D. Cal. Apr. 4, 2007) ("The interests of justice strongly weigh in favor of granting the motion to transfer in order to discourage forum-shopping and duplicative litigation").

*Gwich'in Steering Comm. v. Dep't of Interior*  Page 5 of 10
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 21   Filed 09/27/19   Page 5 of 10

## III. PLAINTIFFS' CLAIMS OF UNDUE DELAY LACK MERIT.

Plaintiffs repeatedly assert that the Defendants are improperly delaying this ligation. Dkt. 17 at 5, 7 n.6, 16-17. Their claims lack merit.

First, to the extent that Plaintiffs have faced any litigation delay, it is their own fault. If Plaintiffs desired more rapid consideration of their lawsuit, they could have filed this case in D.D.C. and identified it as a related case to the one already proceeding in that court.[2] Alternatively, when filing suit in Alaska, Plaintiffs should have informed the Court and Defendants — either in their complaint or civil cover sheet — of the related action brought by Plaintiff Defenders of Wildlife that is pending in D.D.C. They did not. *See* Dkts. 1, 2. (Notably, Plaintiffs did not comply with D. Alaska Local Rule 3.1(b), which required them to identify "all related cases, open or closed, in this or any other federal or state court, of which the filer is aware") Due to this lack of candor, Defendants were forced to spend time identifying the present lawsuit and its connections to the pending D.D.C. lawsuit.[3]

Second, Defendants have not delayed the present lawsuit. Plaintiffs put the cart before the horse by suggesting that Defendants should have already "settle[d]" this case. Dkt. 17 at 4-5. Until there is a determination of

---

[2] Plaintiffs admit that they "accepted th[e] risk" of a longer time to case resolution when they chose to file in Alaska. Dkt. 17 at 14.

[3] Plaintiffs likewise try to shift the blame for the short delay caused by their initial failure to properly serve the Defendants. Dkt. 17 at 3 n.5.

*Gwich'in Steering Comm. v. Dep't of Interior* Page 6 of 10
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 21   Filed 09/27/19   Page 6 of 10

the proper forum, it would be premature, inappropriate, and a waste of resources for an Assistant U.S. Attorney in one jurisdiction to enter into case-related agreements when the case should be transferred to a different jurisdiction.  Defendants are proceeding in a rational sequence by addressing the procedural question of forum first, before reaching any substantive issues in this case.  *See* 17 Moore's Federal Practice 3d § 111.17[1] (rev. ed. 2019) ("If the defendant is or should be aware of circumstances supporting of change in venue on convenience grounds from the start, then the motion should be made before or with the defendant's answer").  Defendants promptly raised the issue of forum, and largely did not oppose Plaintiffs' request for expedited consideration of this issue.  *See* Dkt. 19 ¶ 3.

### IV. PLAINTIFFS PLACE UNDUE EMPHASIS ON THEIR CHOICE OF FORUM.

Plaintiffs' repeatedly emphasize their choice of an Alaskan forum. Dkt. 17 at 8-9, 15-16.  This choice cannot overcome the other factors that strongly favor transfer.

First, Plaintiffs' arguments are too broad and prove too much.  If a plaintiff's choice of forum were to be outcome determinative, there would be little use in having the 28 U.S.C. § 1404 forum *non conveniens* statute.

Second, Plaintiffs have incorrectly stated the level of deference that should be given to their choice of forum.  Plaintiffs assert a rule that,
*Gwich'in Steering Comm. v. Dep't of Interior*  
Case No. 3:19-cv-00208-HRH  
Page 7 of 10  
Case 3:19-cv-00208-HRH   Document 21   Filed 09/27/19   Page 7 of 10

"Deference to a plaintiff's choice of forum is reduced only when 'the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter.'" Dkt. 17 at 8 (quoting *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968)). Plaintiffs badly quote this case out of context to contrive a non-existent legal standard. In *Pence*, the Ninth Circuit issued a writ of mandamus compelling a district court to vacate an order denying a § 1404(a) transfer motion; the Ninth Circuit pointed out various factors that supported transfer, but it did not purport to narrowly define what can be considered to weigh against a plaintiff's choice of forum. *Id.* at 954-55. Moreover, in the 50 years since *Pence* was decided, courts have repeatedly recognized that there can be other reasons — such as where a plaintiff choses a forum that "is not his home state" — to discount a plaintiff's choice of forum. *Loftin v. Maritime Overseas Corp.*, No. A94-011-CIV, 1994 WL 793717, at *3 & n.3 (D. Alaska Sept. 30, 1994); *accord Davis v. Prop. & Cas. Ins. Co. of Hartford*, No. F05-0002, 2005 WL 1694083, at *4 (D. Alaska July 14, 2005).[4] Likewise, as explained above,

---

[4] It bears mention that an entity's "home" is either its place of incorporation or its principal place of business. *Cf. Daimler AG v. Bauman*, 571 U.S. 117, 137-38 (2014). Accordingly, while Plaintiffs note that Defenders of Wildlife, The Wilderness Society, and Alaska Wilderness League have branch offices in Alaska, Dkt. 17 at 8, this does not make Alaska their "home." These organizations are based in the District of Columbia and have their main offices in the District of Columbia.

*Gwich'in Steering Comm. v. Dep't of Interior* Page 8 of 10
Case No. 3:19-cv-00208-HRH

considerations of judicial efficiency, reducing duplicative litigation and the risk of inconsistent results, and discouraging forum shopping can support transfer even where the plaintiff has chosen a home forum.  *Supra* Part II.

Third, while Plaintiffs note that one of the Plaintiffs — Gwich'in Steering Committee — is based in Alaska, Dkt. 17 at 15, all Plaintiffs cannot bootstrap themselves into an Alaska forum by relying on this one Plaintiff.  It is undisputed that Gwich'in Steering Committee participated in only one of the nine FOIA requests at issue.  *See* Dkt. 14 at 3-4, 12.  It would be inappropriate to treat Gwich'in Steering Committee's Alaska ties as being determinative for its co-Plaintiffs.  *Cf. Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017) (fact that some plaintiffs suffered injury in California did not support assertion of jurisdiction over co-plaintiffs who did not suffer injury in California).

Finally, Plaintiffs ignore that the main Plaintiff in this case — Defenders of Wildlife (the only Plaintiff who was a requestor for all nine of the FOIA requests at issue, *see* Dkt. 14 at 3-7) — already selected the District of Columbia as a forum for its related FOIA lawsuit.  Accordingly, when considering the Plaintiffs' choice of forum, the Court should consider that the main Plaintiff in this case has already chosen the District of Columbia as a forum.  *See Glaxo Grp. Ltd. v. Genetech, Inc.*, No. C 10-00675, 2010 WL 1445666, at *4 (N.D. Cal. Apr. 12, 2010) (where the selected forum was not

the plaintiff's "first choice," the plaintiff's choice of forum is "entitled to less deference").

## CONCLUSION

For the foregoing reasons, and for those set forth in the opening motion (Dkt. 14), this Court should transfer this case to the U.S. District Court for the District of Columbia so that it can proceed with the related FOIA case previously brought by Plaintiff Defenders of Wildlife against the same Federal Defendants, which is under an active document production schedule in that court.

RESPECTFULLY SUBMITTED this 27th day of September 2019, at Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney


/s/ John A. Fonstad
JOHN A. FONSTAD
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2019,
a true and correct copy of the foregoing was
served electronically on all counsel of record via
the CM/ECF system:

Brian Litmans
David Bahr
Maresa Jenson
Valerie Brown
*Attorneys for Plaintiffs*

/s/ John Fonstad
Office of the U.S. Attorney

*Gwich'in Steering Comm. v. Dep't of Interior* Page 10 of 10
Case No. 3:19-cv-00208-HRH
Case 3:19-cv-00208-HRH   Document 21   Filed 09/27/19   Page 10 of 10