IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GWICH'IN STEERING COMMITTEE,           )
ALASKA WILDERNESS LEAGUE,              )
DEFENDERS OF WILDLIFE, and THE         )
WILDERNESS SOCIETY,                    )
                                       )
                          Plaintiffs,   )
                                       )
     vs.                              )
                                       )
U.S DEPARTMENT OF THE INTERIOR,        )
U.S. BUREAU OF LAND MANAGEMENT,        )
and U.S. FISH AND WILDLIFE SERVICE,    )
                                       )  No. 3:19-cv-0208-HRH
                          Defendants.   )
_____)

## O R D E R

### Defendants' Motion to Transfer and to Extend Time to Answer or Otherwise Respond

Defendants move[1] to transfer this case to the U.S. District Court of the District of Columbia, or in the alternative to extend the time for them to answer or otherwise respond to plaintiffs' complaint. This motion is opposed.[2] Oral argument has not been requested and is not deemed necessary.

### Background

Plaintiffs the Gwich'in Steering Committee, the Alaska Wilderness League, Defenders of Wildlife, and The Wilderness Society filed the instant action on July 31, 2019.

---

[1]Docket No. 14.

[2]Docket No. 17.

They allege that defendants the U.S. Department of Interior, the U.S. Bureau of Land Management, and the U.S. Fish and Wildlife Service have violated the Freedom of Information Act (FOIA), or in the alternative, the Administrative Procedures Act (APA). Plaintiffs allege that "[f]rom December 21, 2018 - March 8, 2019," they submitted nine FOIA requests "relating to the implementation of an oil and gas leasing program on the Coastal Plain" of the Arctic National Wildlife Refuge.[3] Plaintiffs allege that defendants "have exceeded FOIA's statutory final decision deadlines."[4] Plaintiffs allege that "[d]efendants have unlawfully withheld records from the public concerning the agency processes related to oil and gas extraction on the Coastal Plain."[5] Plaintiffs allege that "[d]efendants failed to make any determination within FOIA's statutory time limits and have not released records in response to [p]laintiffs' requests" and "have violated FOIA because they failed to notify [p]laintiffs of estimated dates when they expect to complete processing these requests."[6] Plaintiffs request that the "[c]ourt declare that [d]efendants are in violation of FOIA[, and] compel [d]efendants to immediately produce by a date certain all records responsive to [p]laintiffs' nine FOIA requests[.]"[7]

---

[3]Complaint for Declaratory and Injunctive Relief at 3, ¶ 4, Docket No. 1.

[4]Id. at 3, ¶ 8.

[5]Id. at 4, ¶ 10.

[6]Id. at 4, ¶¶ 11-12.

[7]Id. at 4, ¶ 14.

On November 8, 2018, the Defenders of Wildlife filed a FOIA suit in the District of Columbia against the same defendants as are named in this case. This FOIA suit also seeks documents related to the oil and gas leasing program on the Coastal Plain. Although the FOIA requests in the D. C. case are not identical to the FOIA requests involved in this case, there is some overlap. The D.C. case is on a production schedule and the parties are submitting periodic status reports to the court, with the next due on October 7, 2019.[8]

Pursuant to 28 U.S.C. § 1404(a), defendants now move to transfer this action to the U.S. District Court for the District of Columbia. In the alternative, defendants move for an extension of time to file their answer or otherwise respond to plaintiffs' complaint.

## Discussion

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "When determining whether a transfer is proper, a court must employ a two-step analysis." Park v. Dole Fresh Vegetables, Inc., 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013).

"A court must first consider the threshold question of whether the case could have been brought in the forum to which the moving party seeks to transfer the case." Id. FOIA provides:

> On complaint, the district court of the United States in the

---

[8]Exhibit B at 2, Defendants' Reply [etc.], Docket No. 21.

> district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

5 U.S.C. § 552(a)(4)(B). Thus, this case could have been brought in the District Court for the District of Columbia.

"If venue would be appropriate in the transferee court, then the court must make an 'individualized, case-by-case consideration of convenience and fairness.'" Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1098 (N.D. Cal. 2006) (quoting Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000)). The court considers several factors when deciding convenience and fairness, including

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). The court may also consider the parties' contacts with the forum. Park, 964 F. Supp. 2d at 1093. "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." Id. (citation omitted).

plaintiffs' choice of forum. "The general rule is that a plaintiff's choice of forum is afforded substantial weight." Carolina Cas. Co. v. Data Broadcasting Corp., 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001). "But, [t]he degree to which courts defer to the plaintiff's

chosen venue is substantially reduced where the plaintiff's venue choice is not its residence[.]" Id. (citation omitted). Here, three of the four plaintiffs are Washington, D.C. non-profits.[9] Only Gwich'in Steering Committee is an Alaskan non-profit. Although the other three plaintiffs have offices and employees in Alaska, they are as "at home" in Washington D.C. as they are in Anchorage, Alaska. This factor weighs slightly in favor of transfer.

      convenience of the parties and witnesses. This factor is neutral because FOIA cases are generally "paper" cases. See Animal Legal Defense Fund v. U.S. Food & Drug Administration, 836 F.3d 987, 989 (9th Cir. 2016) ("[m]ost FOIA cases are resolved by the district court on summary judgment"). Defendants suggest that it would be more convenient to have this case handled by a single U.S. Attorney's office, which may be true, but that could be accomplished whether the case is transferred or not.

      ease of access to sources of proof. This factor is neutral because as discussed above, FOIA cases are usually paper cases.

      familiarity of each forum with the law. Although defendants suggest that the court in the District of Columbia may be slightly more familiar with FOIA law, this court is equally familiar with FOIA law. What the District of Columbia court is more familiar with is the oil and gas leasing program in the Coastal Plain as it has been dealing with its FOIA case for more than eight months. While these two cases would probably not be consolidated, as related cases, it is quite likely that they will be assigned to the same judge if this case is

---

[9]Docket Nos. 3, 5, 6.

transferred. Coordination of this case with the pending D.C. case will expedite this litigation as the District of Columbia court is in a much better position to evaluate whether the requests by plaintiffs in this case duplicate requests made in the D.C. case. This factor weighs heavily in favor of transfer.

<u>feasibility of consolidation</u>. As discussed above, it is unlikely that this case would be consolidated with the pending D.C. case. But, it is likely that both cases will be assigned to the same judge. And, "'[l]itigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoid duplicitous (sic) litigation and inconsistent results.'" <u>Jolly v. Purdue Pharma L.P.</u>, Case No. 05-CV-1452H, 2005 WL 2439197, at *2 (S.D. Cal. Sept. 28, 2005) (quoting <u>Durham Prods, Inc. v. Sterling Film Portfolio, Ltd., Series A</u>, 537 F. Supp. 1241, 1243 (S.D.N.Y. 1982)).

<u>any local interest in the controversy</u>. Plaintiffs concede that this factor does not weigh in favor of transfer because this case has both significant local and national interests.[10]

<u>court congestion and time to trial</u>. Defendants argue that this factor weighs in favor of transfer because judicial caseload statistics show that the District of Columbia court has a slightly shorter median time interval from filing to disposition of civil cases than the District of Alaska. While this court is not convinced by these numbers, as is discussed above, it is likely that this case will be assigned to the judge handling the D.C. case and

---

[10]Plaintiffs' Opposition [etc.] at 7, Docket No. 17.

because of that judge's familiarity with that case, this case is likely to proceed more quickly in that court. This factor weighs slightly in favor of transfer.

<u>respective parties' contacts with the forum</u>. This factor is neutral. While the parties all have contacts with Alaska, with perhaps the exception of plaintiff Gwich'in Steering Committee, the parties all have extensive contacts with Washington, D.C. as well.

Having considered the foregoing factors, the court concludes that this action should be transferred to the District Court of the District of Columbia. Involvement of two district courts will surely lead to unnecessary delay and potential confusion. Judicial resources as well as the parties' resources will be much better served if the District of Columbia court, which is already familiar with most of the parties and the oil and gas program at issue, moves this FOIA case forward in coordination with the FOIA case already pending there.

## Conclusion

Defendants' motion to transfer is granted. The clerk of court is directed to transfer this action to the District Court of the District of Columbia.

DATED at Anchorage, Alaska, this 30th day of September, 2019.

<u>/s/ H. Russel Holland</u>
United States District Judge